390 S.E.2d 207

**David L. MILLER, Linda D. Grapes, and Joshua Grapes, an Infant,**

v.

**Barbara J. WARREN, Individually and Doing Business as Flagg Motel.**

**No. 19021.**

Supreme Court of Appeals of West Virginia.

Feb. 21, 1990.

Joseph M. Farrell, Jr., K. Alan Perdue, Hunt & Wilson, Huntington, for David L. Miller, Linda and Joshua Grapes.

William Richard McCune, Jr., Martinsburg, for Barbara J. Warren and Leonard J. Frantz d/b/a Flagg Motel.

NEELY, Chief Justice:

The plaintiffs, David Miller, Linda Grapes, and Joshua Grapes, (Ms. Grapes's son, then two years old), were residents of Berkeley County. On 18 April 1983, they checked into Room 8 of the Flagg Motel, in Martinsburg, which was operated by the defendant, Barbara Warren, and Leonard Frantz.[1] Ms. Warren had owned the motel since 1973. The plaintiffs had been driving for several hours, and they fell asleep shortly after entering their room in the early afternoon. In the late afternoon, Ms. Grapes awoke to hear her son crying. Smoke filled the motel room. Ms. Grapes woke Mr. Miller. Mr. Miller tried the room door, but it was too hot to open. At that time, the motel clerk saw smoke coming from Room 8 and used his pass-key to open the room door. The guests crawled to safety. Mr. Miller, Ms. Grapes and Joshua sustained serious burns in the fire.

On 12 October 1983, the plaintiffs filed their complaint in Berkeley County circuit court, alleging that their injuries were the result of the defendant's negligence. The action proceeded to trial on 16 June 1987. The plaintiffs' theory was that the fire was caused by the defendant's placing the bed in the room too close to the baseboard heater. Expert witnesses for the plaintiffs and the defendant agreed that the fire started in the area between the heater and the bed. The plaintiffs' expert opined that the heater caused the fire, and the defendant's expert opined that the cause was instead a burning cigarette dropped by the plaintiffs.[2] Furthermore, the plaintiffs argued, the absence of a smoke alarm at least aggravated their injuries.

The jury returned a verdict for the defendant, and this appeal followed. We now reverse and remand for a new trial.

### I.

The plaintiffs argue that the jury was improperly instructed on the defendant's standard of care. The parties agree that the motel was in compliance with the local fire code, which did not require a smoke detector in each room. The judge's instructions indicated that the appropriate standard of due care in the matter of a smoke detector is met if the motel complies with the fire code.[3] This was error.

Failure to comply with a fire code or similar regulation constitutes *prima facie* negligence, if an injury proximately flows from the non-compliance and the inju-

---

1. Mr. Frantz was named as a defendant in this action, but was dismissed from the case by agreement of the parties before the matter went to trial.

2. The plaintiffs Mr. Miller and Ms. Grapes admitted they had smoked cigarettes in the motel room.

3. Defendant's Instruction # 14, given over objection, read: "The Court instructs the jury that compliance with the fire codes under the law meets the standard of care and duty required of the defendant as it relates to the installation or lack of installation of safety devices unless other circumstances appear which would require additional care in order to comply with the requirements to use ordinary care in attendant circumstances."

ry is of the sort the regulation was intended to prevent. *Johnson v. Monongahela Power Co.*, 146 W.Va. 900, 123 S.E.2d 81 (1961). On the other hand, the converse, that compliance with a regulation is *per se* the exercise of due care, is not the law. Compliance with a regulation does not constitute due care *per se*. Compliance with the appropriate regulations is competent evidence of due care, but not *conclusive* evidence of due care. If the defendants knew or should have known of some risk that would be prevented by reasonable measures not required by the regulation, they were negligent if they did not take such measures. It is settled law that a statute or regulation merely sets a floor of due care. *Restatement (Second) of Torts,* § 288C (1965); *Prosser and Keaton on Torts,* 233 (5th ed. 1984). Circumstances may require greater care, if a defendant knows or should know of other risks not contemplated by the regulation.

■ In a case like this one, an instruction such as that given by the trial court goes to the heart of the cause of action. The instruction given was misleading. It implied that there is a rebuttable presumption that compliance with regulations constitutes due care. The instruction given purported to follow the learning of *Johnson v. Monongahela Power Co., supra.* In *Johnson,* this Court held: .

> Valid rules and regulations of the Public Service Commission of West Virginia ... have the force of statutory law and the failure to comply therewith would constitute *prima facie* negligence. The compliance therewith would meet the standard of care and duty required in such cases unless other circumstances appear which would require additional care in order to comply with the requirement to use ordinary care in attendant circumstances.

Syllabus Point 1, *Johnson v. Monongahela Power Co., supra.* The syllabus point, while correctly stating the law, is of little use as a jury instruction. It is tautological. Truth is, no care at all will meet the standard of care if circumstances do not appear that require some care. That is to say, because the plaintiff has the burden of proof on the defendant's negligence, he must point to some risk that the defendant should have been aware of. But the plaintiff must always do so to avoid a directed verdict for the defendant. If the plaintiff is unable to show *prima facie* negligence by failure to comply with a statute, he must prove negligence in some other particular.

Thus, the syllabus point in *Johnson* merely states the rule for a directed verdict. Such a rule is of no use as a jury instruction. There was sufficient evidence of "other circumstances," calling for more care than the fire code, for the plaintiffs to avoid a directed verdict. Certainly, compliance with regulations is relevant evidence of due care, and the jury should be told that. But such evidence does not have behind it any of the weight of a presumption.

## II.

■ The plaintiffs argue that the trial court did not properly instruct the jury on the negligence of the infant plaintiff that might have contributed to the injuries. The jury was instructed that all the plaintiffs' combined negligence should be considered together, because the theory of the parties was that the fire was caused by defendant's negligence (placing the bed too close to the heater) or the plaintiffs' negligence (smoking in bed), but not by any concurrence of negligence by both. The effect of the court's instruction was to impute the adult plaintiffs' negligence to the two-year-old child.[4] This was error. A two-year-old child is conclusively presumed incapable of negligence.[5] In Syllabus Point

---

4. Defendant's Instruction # 2, given over objection, read in part: "If you should unanimously find: (1) That the defendant was not negligent; or (2) That the defendant was negligent, but that such negligence was not a proximate cause of any injury or damage sustained by the plain-

tiffs; or (3) that any negligence of the plaintiffs equalled or exceeded the negligence of the defendant, if any, then your verdict may be for the defendant."

5. The judge refused to give Plaintiffs' Instruction # 10, which read: "The Court instructs the

5, *Dicken v. Liverpool Salt & Coal Co.*, 41 W.Va. 511, 23 S.E. 582 (1895) (plaintiff age two years and ten months), we held:

> The negligence of a parent cannot be imputed to the infant child, too young to know how to take care of itself; nor can such child be guilty of contributory negligence.

Any duty the defendants had to the plaintiffs ran to the infant personally, as well as to each of the adults individually.[6] An adult's negligence may be "imputed" to a child only where the child's cause of action is derivative only, for example, in a survivor's wrongful death action where the child was not personally involved in the events giving rise to the cause of action.

 Consequently, the judge's instruction on comparative negligence was reversible error. Under our modified rule of comparative negligence, this jury verdict for the defendant was necessarily ambiguous under the instructions as given. The verdict may have meant that the defendant was not negligent; or, that the adult plaintiffs or one of them was contributorily negligent, and his, her or their negligence was at least 50% responsible for the injuries; or both. An instruction imputing an adult's negligence to a child is reversible error.

Therefore, as to the cause of action of the infant Joshua Grapes, the judgment below is reversed and the case remanded for a new trial.

### III.

 As to adult plaintiffs also, the trial court's instructions to the jury were in error. The court refused to instruct the jury that they were to assess contributory negligence by the adults independently. Under the instruction given, note 4 *supra*, the jury may have thought that contributory negligence by one of the adults alone would bar recovery by both. Under proper

instructions, the jury could find for the defendant only if the defendant was not negligent; or, if the defendant was negligent, only if each plaintiff was at least 50% responsible for his own injuries. The jury should have been instructed that the negligence of one of the adults could not be imputed to the other adult. "It is an elementary principle of the law that negligence will not be imputed or presumed." *Walton v. Given*, 158 W.Va. 897, 902, 215 S.E.2d 647, 651 (1975). To this general rule, of course, there are exceptions established in law, for example in an agency relationship or a derivative claim.

### Conclusion

For the reasons set forth above, the judgment of the Circuit Court of Berkeley County is reversed as to each plaintiff's cause of action, and the case remanded for a new trial.

Reversed and Remanded.

---

jury that if they believe from the evidence that on April 3, 1983, Joshua Grapes, the plaintiff, was about two years of age, then he is presumed to have been incapable of contributory negligence."

**6.** The judge refused to give Plaintiffs' Instruction #9, which read: "The Court instructs the jury that the negligence, if any, of Linda Grapes, mother of Joshua Grapes, is no defense against Joshua's right to recover against Barbara Warren, d/b/a/ Flagg Motel, neither is the negligence of David Miller, if any, a defense against Joshua's right to recover against the defendant."