445 S.E.2d 757

**Renata WILLIAMS and James Williams, Plaintiffs Below, Respondents,**

v.

**Melville Homer CUMMINGS, Jr., M.D., Defendant Below, Petitioner.**

No. 22078.

Supreme Court of Appeals of West Virginia.

Submitted May 11, 1994.

Decided June 16, 1994.

Rudolph L. DiTrapano, Lonnie C. Simmons, DiTrapano & Jackson, Charleston, for respondents.

William J. Cooper, Jacobson, Maynard, Tuschman & Kalur, Charleston, for petitioner.

BROTHERTON, Chief Justice:

On July 12, 1993, the plaintiffs, who are residents of the State of Ohio, filed a medical malpractice action in Putnam County, West Virginia, against the defendant, Melville Homer Cummings, Jr., M.D., a specialist in the field of general surgery, who resides in Cabell County, West Virginia.

In their complaint, the plaintiffs stated that, under West Virginia Code § 56–1–1(a)(7), venue was proper in Putnam County because the defendant is the father of the Honorable John L. Cummings, Judge of the Circuit Court of Cabell County. The defendant moved to dismiss for lack of venue. At a September 13, 1993, hearing, the circuit court denied the motion to dismiss and certified the following question to this Court, pursuant to W.Va.Code § 58–5–2:

> Whether under W.Va.Code § 56–1–1(a)(7), venue is proper in Putnam County where:
>
> 1. The cause of action occurred in Cabell County;
>
> 2. Defendant resides in Cabell County;
>
> 3. Plaintiffs are residents of Ohio; and
>
> 4. Defendant is the father of the Honorable Judge John L. Cummings, a judge in the Circuit Court of Cabell County?

The Circuit Court of Putnam County answered the certified question in the affirmative, and based its decision upon W.Va.Code § 56–1–1(a)(7) (1993), which provides:

> (a) Any civil action or other proceeding, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county:
>
> \*    \*    \*    \*    \*    \*

> (7) If a judge of a circuit be interested in a case which, but for such interest, would be proper for the jurisdiction of his court, the action or suit may be brought in any county in an adjoining circuit.

The circuit court stated that "the father-son relationship between Defendant and Judge Cummings is the type of interest contemplated by the Legislature in W.Va.Code § 56–1–1(a)(7), and W.Va.Code § 51–2–8, that would require Judge Cummings to disqualify himself from the case if it had been assigned to him. Therefore, venue in this case is proper in Putnam County, which adjoins Cabell County."

The plaintiffs submit that the circuit court answered the certified question correctly. However, the defendant asks that we hold that W.Va.Code § 56–1–1(a)(7) has been superseded by Trial Court Rule (T.C.R.) XVII, grant the defendant's motion to dismiss, and order that the plaintiffs' lawsuit be transferred to the Circuit Court of Cabell County.

The defendant concedes that the circuit court's ruling would be correct if W.Va.Code § 56–1–1(a)(7) were still valid law. However, the defendant cites the adoption of the Judicial Reorganization Amendment (1974), and states that Article VIII, Sections 3 and 8, expressly conferred upon the Supreme Court of Appeals the right to promulgate rules for the administration of the circuit courts. Thus, the defendant argues that W.Va.Code § 56–1–1(a)(7) has been superseded by T.C.R. XVII, which is titled "Disqualification and Temporary Assignment of Judges."

The plaintiffs argue that W.Va.Code § 56–1–1(a)(7) has not been superseded by T.C.R. XVII, but that § 56–1–1(a)(7) "simply provides another basis for establishing venue in a particular county under certain circumstances." The plaintiffs state that they have never sought to have any judge disqualified from this case.

Technically, the plaintiffs did not seek Judge Cummings' disqualification. However, they sought to avoid the jurisdiction of the Circuit Court of Cabell County, which is not a single-judge circuit, seemingly assuming that the case would be assigned to Judge Cummings. Thus, the "certain circum-

stances" under which the plaintiffs wish to establish venue in another county are the same circumstances which would warrant Judge Cummings' disqualification if the case was assigned to him, and T.C.R. XVII would be the law used. Trial Court Rule XVII actually repeals W.Va.Code § 56–1–1(a)(7).

Venue would never be proper in Putnam County except for W.Va.Code § 56–1–1(a)(7) because W.Va.Code § 56–1–1(a)(1) states that venue in this type of action lies in the county where the defendant resides or in the county where the action arose. In this case, the defendant lives in Cabell County and the cause of action arose in Cabell County.

"Under Article VIII, Section 8 of the Constitution of West Virginia (commonly known as the Judicial Reorganization Amendment), administrative rules promulgated by the Supreme Court of Appeals of West Virginia have the force and effect of statutory law and operate to supersede any law that is in conflict with them." Syl. pt. 1, *Stern Bros., Inc. v. McClure,* 160 W.Va. 567, 236 S.E.2d 222 (1977). West Virginia Code § 56–1–1(a)(7) provides that venue may be obtained in an adjoining county "[i]f a judge of a circuit be interested in a case which, but for such interest, would be proper for the jurisdiction of his court...." This statute refers to a situation under which a judge might be disqualified, and therefore it is in conflict with and superseded by T.C.R. XVII, which addresses the disqualification and temporary assignment of judges, and thereby dispenses with W.Va.Code § 56–1–1(a)(7).

If this case had been brought in Cabell County and assigned to Judge Cummings, the proper course of action for the plaintiffs would have been to file a motion for disqualification as set forth in T.C.R. XVII. Under the circumstances set forth in this case, venue was not proper in Putnam County. Therefore, our answer to the certified question is no.

Certified Question Answered.