452 S.E.2d 708

**Donna Lou REED, Administratrix of the Estate of James George Reed, Plaintiff Below, Appellee,**

v.

**Lula A. PHILLIPS and George Phillips, Defendants Below, Appellants.**

No. 22196.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 27, 1994.

Decided Dec. 8, 1994.

Dissenting Opinion of Justice Neely Dec. 12, 1994.

David A. Mohler, James W. Gabehart, Campbell, Woods, Bagley, Emerson, McNeer & Herdon, Charleston, for appellants.

Michael J. Del Giudice, Ciccarello, Del Giudice & LaFon, Charleston, for appellee.

WORKMAN, Justice:

This case is before the Court from the November 22, 1993, order of the Circuit Court of Kanawha County denying the Appellants' motion for summary judgment and certifying the following questions to this Court: [1]

1. Whether the absence of a smoke detector in a one or two family dwelling is admissible as evidence of negligence on the part of the landlord in light of W.Va.Code § 29-3-16a, W.Va.Code § 37-6-[30], Title 87 C.S.R., and other applicable laws?

2. If the absence of a smoke detector is admissible as evidence of negligence on the part of landlord, does such absence constitute prima facie negligence?

The circuit court answered each of these questions in the affirmative. In answering the questions certified, we agree with the findings of the circuit court.

## I.

On or about September 1, 1989, Appellants, Lula A. Phillips and George Phillips, owned real property located at 1213½ Grosscup Avenue in Dunbar, Kanawha County, West Virginia. James George Reed resided as a tenant in the ground floor apartment owned by Mr. and Mrs. Phillips.

On September 1, 1989, Mr. Reed died due to smoke inhalation during a fire which occurred in the apartment which he rented from Mr. and Mrs. Phillips. It is alleged that the fire was caused by the ignition of grease on one of the heating elements of the stove. It is also contended that Mr. Reed had been cooking with the grease in an open aluminum frying pan. Appellee Donna Lou Reed filed the underlying civil action against Mr. and Mrs. Phillips as the administratrix of Mr. Reed's estate alleging that the apartment occupied by Mr. Reed and owned by Mr. and Mrs. Phillips did not provide a sufficient means of egress in the event of an emergency, that such failure constitutes negligence on the part of Mr. and Mrs. Phillips, and that the failure to provide a sufficient means of egress caused Mr. Reed's death. Following discovery, Appellants filed a motion for summary judgment, pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, contending there was no genuine issue as to any material fact and that they were entitled to judgment as a matter of law. In her response to Appellant's motion for summary judgment, the Appellee argued the evidence created an issue regarding whether a smoke detector was present in the apartment and that the absence of a smoke detector, if proved, would support liability against the Appellants. Appellants' motion for summary judgment was denied by the circuit court and the above questions were certified to this Court for answer.

## II.

The parties agree that in the absence of common law duty, the only basis for placing liability on a landlord for personal injury caused by fire would be a violation of a duty imposed by agreement or statute. There is no allegation that a lease or other agreement addressing this issue existed between the parties. Accordingly, the certified questions direct our examination to pertinent statutory authority to determine the civil liability, if any, for personal injury caused by fire based on the landlord's failure to install operational smoke detectors within a one- or two-family dwelling.

---

1. West Virginia Code § 58-5-2 (1994 Supp.) provides in part:
   "Any question arising ... upon the sufficiency of a motion for summary judgment where such motion is denied ... may, in the discretion of the circuit court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision...."

   Rule 13 of the West Virginia Rules of Appellate Procedure sets forth the procedure for certifying questions to this Court.

West Virginia Code § 29–3–16a(a) (1989) provides, in part, that "within all one and two-family dwellings which are not occupied by the owner thereof ... an operational smoke detector shall be installed outside of each separate sleeping area in the immediate vicinity of the sleeping area."[2] Subsection (f) of this provision makes any violation of this section a misdemeanor punishable by fine. *See* West Virginia Code 29–3–16a(f). Subsection (g) of this section provides:

A violation of this section shall not be deemed by virtue of such violation to constitute evidence of negligence or contributory negligence or comparative negligence in any civil action or proceeding for damages.

West Virginia Code § 29–3–16a(g).

In addition, under West Virginia Code § 29–3–5(b) (1992), the West Virginia State Fire Commission is given the authority to adopt comprehensive fire code regulations for the safeguarding of life and property from the hazards of fire and explosion.[3] Pursuant to this statutory authority, the State Fire Commission has adopted the "National Fire Codes" published by the National Fire Protection Association ("NFPA") as a part of the West Virginia Fire Code. 7 W.Va. C.S.R. § 87–1–4.1 (1984). The NFPA Life Safety Code, § 22–3.3.1 requires a smoke detector in one and two family private dwellings. Through regulation, the State Fire Commission also requires that "[a]ll existing apartments shall have approved self-contained smoke detector(s) located at entrance to bedrooms."[4] 7 W.Va. C.S.R. § 87–1–11.6B.(2) (1984).

Finally, West Virginia Code § 37–6–30 (1985)[5] provides:

With respect to residential property:

(a) A landlord shall:

(2) Maintain the leased property in a condition that meets requirements of applicable health, safety, fire and housing codes, unless the failure to meet those requirements is the fault of the tenant, a member of his family or other person on the premises with his consent;

West Virginia Code § 37–6–30(a)(2).

The Appellee argues the Appellants' failure to comply with the fire code regulations requiring installation of smoke detectors in all one- and two-family dwellings is not only admissible as evidence of negligence in this action, but constitutes prima facie evidence of negligence. To the contrary, Appellants argue that West Virginia Code § 29–3–16a(g) prohibits the introduction of a landlord's failure to provide smoke alarms as evidence of negligence. They argue that to permit Appellee to introduce the absence of a smoke detector as evidence of a violation of state regulations, as opposed to following West Virginia Code § 29–3–16a(g), would violate every rule of statutory construction.

## III.

This Court has consistently recognized that violation of a statute is prima facie evidence of negligence. In order to be actionable, such violation must be the proximate cause of the injury. *Courtney v. Courtney,* 186 W.Va. 597, 413 S.E.2d 418 (1991); *Anderson v. Moulder,* 183 W.Va. 77, 394

**2.** This statute was enacted by the West Virginia Legislature in 1984, and was amended in 1989 and 1991. The language quoted is from the 1989 enactment, which is applicable to this case.

**3.** West Virginia Code § 29–3–5 provides in pertinent part:
(b) Pursuant to the provisions of chapter twenty-nine-a of this code, the state fire commission, by the first day of January, one thousand nine hundred seventy-seven, shall promulgate comprehensive regulations for the safeguarding of life and property from the hazards of fire and explosion to be known as the state fire code. Regulations embodied in the state fire code shall be in accordance with standard safe practice as embodied in widely recognized standards of good practice for fire prevention and fire protection and shall have the force and effect of law in the several counties, municipalities and political subdivisions of the state.

**4.** The State Fire Code was amended by emergency rule effective January 26, 1990, and September 16, 1994.

**5.** West Virginia Code § 37–6–30 is a statutory enactment of the landlord's implied warranty of habitability. *Adams v. Gaylock,* 180 W.Va. 576, 378 S.E.2d 297 (1989); *Teller v. McCoy,* 162 W.Va. 367, 253 S.E.2d 114 (1978).

S.E.2d 61 (1990); *Miller v. Warren,* 182 W.Va. 560, 390 S.E.2d 207 (1990); *White v. Lock,* 175 W.Va. 227, 332 S.E.2d 240 (1985); *Jones v. Two Rivers Ford, Inc.,* 171 W.Va. 561, 301 S.E.2d 192 (1983); *Jenkins v. J.C. Penney Casualty Insurance Co.,* 167 W.Va. 597, 280 S.E.2d 252 (1981).[6]

In syllabus point one of *Jenkins,* this Court developed guidelines to determine whether a violation of a statute gives rise to a private cause of action:

'The following is the appropriate test to determine when a State statute gives rise by implication to a private cause of action: (1) the plaintiff must be a member of the class for whose benefit the statute was enacted; (2) consideration must be given to legislative intent, express or implied, to determine whether a private cause of action was intended; (3) an analysis must be made of whether a private cause of action is consistent with the underlying purposes of the legislative scheme; and (4) such private cause of action must not intrude into an area delegated exclusively to the federal government.' Syllabus Point 1, *Hurley v. Allied Chemical Corp.,* [164] W.Va. [268], 262 S.E.2d 757 (1980).

*Id.* W.Va. at 597, 280 S.E.2d at 253.

Prima facie evidence of negligence means:

" 'A *prima facie* case of actionable negligence is that state of facts which will support a jury finding that the defendant was guilty of negligence which was the proximate cause of plaintiff's injuries, that is, it is a case that has proceeded upon sufficient proof to the stage where it must be submitted to a jury and not decided against the plaintiff as a matter of law.' Pt. 6, syllabus, *Morris v. City of Wheeling,* 140 W.Va. 78 [82 S.E.2d 536 (1954)]." *Anderson,* 183 W.Va. at 79, 394 S.E.2d at 63, Syl. Pt. 3; Syllabus Point 2, *Spurlin v.*

*Nardo,* 145 W.Va. 408, 114 S.E.2d 913 (1960).

Although the violation of a statute creates a prima facie case of negligence, the determination as to whether there was in fact a violation and whether the violation was the proximate cause of the injury is within the province of the jury. *Jones,* 171 W.Va. at 564, 301 S.E.2d at 196; *Simmons v. City,* 159 W.Va. 451, 225 S.E.2d 202 (1975), *overruled on other grounds sub nom. O'Neil v. City of Parkersburg,* 160 W.Va. 694, 237 S.E.2d 504 (1977).

To establish a cause of action in negligence, it must first be shown that the alleged tortfeasor was under a legal duty or obligation requiring the person to conform to a certain standard of conduct. *See Sewell v. Gregory,* 179 W.Va. 585, 371 S.E.2d 82 (1988). Where there is no legal duty to take care, there can be no actionable negligence. *See Poling v. Ohio River R. Co.,* 38 W.Va. 645, 18 S.E. 782 (1893); *Woolwine's Adm'r v. Chesapeake & O.R. Co.,* 36 W.Va. 329, 15 S.E. 81 (1892); *Washington v. Baltimore & O.R.R. Co.,* 17 W.Va. 190 (1880).

In Prosser and Keeton on Torts, it is stated:

The standard of conduct required of a reasonable person may be prescribed by legislative enactment. When a statute provides that under certain circumstances particular acts shall or shall not be done, it may be interpreted as fixing a standard for all members of the community, from which it is negligence to deviate. The same may be true of municipal ordinances and regulations of administrative bodies. The fact that such legislation is usually penal in character, and carries with it a criminal penalty, will not prevent its use in imposing civil liability, and may even be a prerequisite thereto.

W. Page Keeton et al., Prosser and Keeton on Torts § 36 at 220 (5th ed. 1984) (footnotes omitted). Thus, the violation of a statute

---

**6.** In *Anderson* this Court noted that West Virginia Code § 55–7–9 (1994) expressly authorizes civil liability based on a violation of a statute. 183 W.Va. at 82, 394 S.E.2d at 66. That section provides:

"Any person injured by the violation of any statute may recover from the offender such dam-ages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages." West Virginia Code § 55–7–9.

adopted for the safety of the public is prima facie negligence in that it is the failure to exercise that standard of care prescribed by the legislature.

▮▮▮ West Virginia Code § 29–3–16a(f) provides that a violation of subsection (a) is a misdemeanor *warranting a monetary fine.* West Virginia Code § 29–3–16a(g) states that "[a] violation of *this section* shall not be deemed *by virtue of such violation* to constitute evidence of negligence or contributory negligence or comparative negligence in any civil action or proceeding for damages." (emphasis added). In enacting West Virginia Code § 29–3–16a, the West Virginia Legislature intended to require landlords to place smoke detectors in one- and two-family dwellings and to establish a criminal sanction for violation of the section. By virtue of subsection (g), the Legislature clearly did not intend to create a duty actionable in tort for such violation.[7] That subsection specifically excludes civil liability which might otherwise result from a violation of the statute.[8]

The Appellee argues, however, that the rules and regulations adopted by the West Virginia Fire Commission are independent of West Virginia Code § 29–3–16a and that a violation of the rules is prima facie evidence of negligence. She also contends that under the provisions of West Virginia Code § 37–6–30(a)(2), it is a landlord's duty to "[m]aintain the leased property in a condition that meets *requirements of applicable health, safety, fire and housing codes."* She argues the absence of a smoke detector constitutes a violation of

this statute and that evidence of the violation is admissible evidence supporting liability on the part of the Appellants in this case.

The Appellants argue that, to the extent the State Fire Commission regulations are interpreted to permit introduction of evidence of the absence of a smoke detector in a civil suit for damages, such an interpretation would contravene West Virginia Code § 29–3–16a(g), and the legislative enactment would take precedence over any inconsistent regulation of an administrative body. They also contend that a general statutory enactment must yield to the specific statutory enactment where the statutes relate to the same subject and cannot be reconciled. They argue West Virginia Code § 37–6–30 is a general statute which, in effect, states only that a landlord must meet the requirements of applicable safety and fire codes. It is their contention that a specific statutory enactment concerning the requirement of smoke detectors, West Virginia Code § 29–3–16a(g), clearly states that evidence of the absence of a smoke detector is not admissible evidence in a civil suit for damages.

▮▮▮ We do not find any inconsistency between West Virginia Code § 29–3–16a and the rules and regulations promulgated by the State Fire Commission with regard to this issue. The Appellant's argument that a general statutory enactment must yield to a specific statutory enactment also fails here. Under West Virginia Code § 37–6–30, landlords are required to maintain leased property in a condition that meets the requirements

7. There are other examples of legislative enactments which impose duties and penalties for failure to comply, but specifically exclude evidence of violations of such statutes as evidence in civil cases. *See, e.g.,* W.Va.Code § 17C–15–46 (1991) (failure to use child seat belt not admissible as evidence of negligence in any civil action); W.Va.Code § 17C–15–49(d) (1994 Supp.) (violation of adult seat belt statute is not admissible as evidence of negligence in any civil action or in mitigation of damages; however, violation may provide basis for 5% reduction in medical damages).

8. Rule 402 of the West Virginia Rules of Evidence provides, in part, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of West Virginia, these rules, or other rules adopted by the Supreme Court of Appeals."

In *Teter v. Old Colony Co.,* 190 W.Va. 711, 441 S.E.2d 728 (1994), we found "it is clear that a legislative enactment which is substantially contrary to provisions in our Rules of Evidence would be invalid." *Id.* at 726, 441 S.E.2d at 743. In *Williams v. Cummings,* 191 W.Va. 370, 445 S.E.2d 757 (1994) we held a statute providing that venue may be obtained in an adjoining county if a judge of the circuit is interested in the case conflicts with and is superseded by Trial Court Rule XVII which addresses the disqualification and temporary assignment of judges.

Our examination of West Virginia Code § 29–3–16a leads us to conclude that West Virginia Code § 29–3–16a(g) is not an evidentiary bar in derogation of Rule 402 of the West Virginia Rules of Evidence, but instead manifests the intent of the Legislature to create substantive law *that there not be civil liability for violation of this particular section.*

398

of applicable fire codes. The regulations promulgated by the West Virginia Fire Commission require smoke detectors in one- and two-family dwellings. The Legislature's intent not to impose civil liability for the criminal violation set forth in West Virginia Code § 29–3–16a applies only to that section. There is no broad, general pronouncement in § 29–3–16a(g) limiting the basis of civil liability generally where smoke detectors are required. We therefore do not believe it was the intention of the Legislature, by virtue of the language in West Virginia Code § 29–3–16a(g), to limit the basis of tort liability for failure to provide smoke detectors that might arise outside of that statutory section.

 In syllabus point 1 of *Miller v. Warren*, we held: "Failure to comply with a fire code or similar set of regulations constitutes *prima facie* negligence, if an injury proximately flows from a non-compliance and the injury is of the sort the regulation was intended to prevent...." *Id.* at 560, 390 S.E.2d at 207. Certainly death as a result of smoke inhalation or fire is an injury the fire regulation was intended to prevent by requiring installation of operational smoke detectors in one- or two-family dwellings.[9]

Accordingly, we hold that, in light of West Virginia Code § 37–6–30 and the rules and regulations promulgated by the West Virginia State Fire Commission pursuant to West Virginia Code § 29–3–5, the absence of a smoke detector in a one- or two-family dwelling constitutes prima facie evidence of negligence on the part of a landlord if the injury proximately flows from the non-compliance.

Certified questions answered; case dismissed.

BROTHERTON, C.J., did not participate.

MILLER, J., Retired, sitting by temporary assignment.

NEELY, J., dissents, and reserves the right to file a dissenting Opinion.

NEELY, Justice, dissenting:

I dissent for reasons more fully set forth in my dissenting opinion to *Gilman v. Choi*, 185

W.Va. 177 at 182, 406 S.E.2d 200 at 205 (1990).

When the legislature passed the statute requiring smoke detectors to be placed in rented apartments, there was obviously a political compromise: landlords agreed to be saddled with the added smoke detector expense if the absence of a working smoke detector would not regularly form the foundation of a lawsuit whenever a rented apartment burned down. When, through precious reasoning, we confound this legitimate political compromise, we undermine the basis of a political process. Next time, propertied interests will be less willing to compromise and more adamant in their position, and they will justify their intransigence by pointing to the way this Court manipulated clear legislative intent the last time they were reasonable.

---

9. It obviously would still be the plaintiff's burden to prove that the absence of a smoke detector was the proximate cause of the death.