488 S.E.2d 484

**Junior Marcus REDDEN, as Administrator of the Estate of Perry Lynn Redden, Plaintiff Below, Appellant,**

v.

**Joseph COMER and Nancy Comer, and William H. Diehl, Individually, and William H. Diehl, as Executor of the Estate of Vilia Diehl, Defendants Below, Appellees.**

No. 23700.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 21, 1997.

Decided June 11, 1997.

John F. Parkulo, Anderson, Parkulo, Stansbury & Associates, L.C., Beckley, for Appellant Junior Marcus Redden.

Charles B. Mullins, II, Mullins Law Office, Pineville, for Appellees Joseph Comer and Nancy Comer.

Thomas J. Browning, Beckley, for Appellee William H. Diehl, Individually.

David D. Molgard, Charleston, for Appellee William H. Diehl, As Executor of the Estate of Vilia Diehl.

### PER CURIAM:

This action is before this Court upon an appeal from the final order of the Circuit Court of Raleigh County, West Virginia, entered on January 25, 1996. The appellant is Junior Marcus Redden. The action concerns a fire in a single family dwelling house owned by the appellees, William and Vilia Diehl. As a result of the fire, the appellant's son, Perry Lynn Redden, died. The appellant contends that the appellees, who had rented the house to Joseph and Nancy Comer, were negligent in failing to install smoke detectors.[1] However, determining that dwellings, such as the one involved herein, were expressly exempted from the smoke detector requirement under the West Virginia Fire Code, the circuit court granted summary judgment for the appellees.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, this Court is of the opinion that the exemption in the State Fire Code precludes the appellant's claim. The circuit court, therefore, ruled correctly in granting summary judgment for the appellees, and the final order is affirmed.

I

On February 21, 1993, a fire engulfed a single family dwelling house located on Sunrise Avenue, in the town of Crab Orchard, Raleigh County. The house was owned by the appellees and was rented to Joseph and Nancy Comer. As a result of the fire, twen-

---

1. It should be noted that Joseph and Nancy Comer were also named as appellees in this appeal. As tenants, their liability to the appellant was premised upon a failure to keep smoke detectors "operational" in the house. *See W. Va.Code,* 29–3–16a [1991]. However, inasmuch as no smoke detectors were present, the Comers were dismissed from the action prior to the entry of the final order of January 25, 1996. Instead, the appellant focuses this appeal upon appellees William and Vilia Diehl. In that regard, we point out that Ms. Diehl died during the course of this litigation, and, as a result, the action has proceeded against her estate.

ty-nine-year-old Perry Lynn Redden, who was sleeping in the house as a guest of the Comers, died. He was the only occupant of the house not to escape the fire, and the cause of death was determined to be smoke inhalation. As the parties have indicated, no smoke detectors were present.

Thereafter, in September 1994, the appellant instituted this action in the Circuit Court of Raleigh County. As stated in the complaint, the appellant asserted that the appellees "were negligent in failing to have smoke detectors and/or fire extinguishment apparatus available on the residential rental property in question in conformance with West Virginia state law [.]" That failure, according to the appellant, proximately resulted in his son's death.

Soon after, the appellees moved for summary judgment, indicating that the absence of smoke detectors, under the circumstances of this action, could not form the basis of a claim of liability against them. Upon the argument of counsel and a consideration of the relevant law in this area, the circuit court agreed with the appellees and granted the motion.

Specifically, the circuit court considered the case of *Reed v. Phillips,* 192 W.Va. 392, 452 S.E.2d 708 (1994), in which this Court observed that smoke detectors are generally required by the State Fire Code with regard to certain dwellings and structures. Nevertheless, noting that the *Reed* case did not involve a specific exemption with regard to a single family dwelling house, the circuit court concluded that the exemption herein precluded the appellant's claim. As the exemption in the State Fire Code in effect during the period in question, stated: "This State Fire Code has no application to ... buildings used wholly as dwelling houses for no more than two families [.]" 7 *W. Va.Code of State Rules* 87–1–1.5. Consequently, summary judgment was granted, and this appeal followed.

## II

■ Pursuant to Rule 56 of the *West Virginia Rules of Civil Procedure,* summary judgment is warranted where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See generally* Lugar & Silverstein, *West Virginia Rules of Civil Procedure,* P. 426–42 (Michie 1960). As this Court observed in syllabus point 5 of *Wilkinson v. Searls,* 155 W.Va. 475, 184 S.E.2d 735 (1971):

A motion for summary judgment should be granted if the pleadings, exhibits and discovery depositions upon which the motion is submitted for decision disclose that the case involves no genuine issue as to any material fact and that the party who made the motion is entitled to a judgment as a matter of law.

*See also* syl. pt. 1, *Wayne County Bank v. Hodges,* 175 W.Va. 723, 338 S.E.2d 202 (1985).

Moreover, we note that, upon appeal, the entry of a summary judgment is reviewed by this Court *de novo.* Syl. pt. 1, *Koffler v. City of Huntington,* 196 W.Va. 202, 469 S.E.2d 645 (1996); syl. pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

Here, the appellant asserts that smoke detectors were mandatory in the house where the fire occurred because of the provisions of *W. Va.Code,* 37–6–30 [1978], which indicates that the appellees, as landlords, were required to maintain the property in a manner consistent with the State Fire Code. In that regard, the appellant emphasizes the underlying principle found in *W. Va.Code,* 29–3–5 [1988], that the regulations of the State Fire Code must be in accord with "standard safe practice." Thus, the appellant relies upon syllabus point 5 of *Reed, supra,* which cites those statutes and holds:

In light of West Virginia Code sec. 37–6–30 ... and the rules and regulations promulgated by the West Virginia State Fire Commission pursuant to West Virginia Code sec. 29–3–5 ... the absence of a smoke detector in a one- or two-family dwelling constitutes prima facie evidence of negligence on the part of a landlord if

the injury proximately flows from the non-compliance.[2]

(footnote added).

On the other hand, the appellees assert that the exemption of single family dwelling houses from the smoke detector requirement is clear and was authorized by the West Virginia Legislature, as evidenced by its placement in the *Code of State Rules*. Moreover, the appellees assert that the *Reed* case is not dispositive of this action because the exemption was not addressed in *Reed*.

We note that, in *Reed*, this Court, in addition to the two statutes cited above, was concerned with the provisions of *W. Va.Code*, 29–3–16a [1989], which states, in subsection (a), that "[w]ithin all one and two-family dwellings which are not occupied by the owner thereof, and within all one and two-family dwellings completed after the first day of July, one thousand nine hundred ninety, an operational smoke detector shall be installed [.]" Subsection (f) of that statute states that a violation of *W. Va.Code*, 29–3–16a [1989], is a misdemeanor offense. However, subsection (g) of *W. Va.Code*, 29–3–16a [1989], provides: "A violation of this section shall not be deemed by virtue of such violation to constitute evidence of negligence or contributory negligence or comparative negligence in any civil action or proceeding for damages." [3]

In *Reed*, an individual renting a "one- or two-family dwelling" died when the dwelling caught fire. In subsequent litigation, the individual's administratrix asserted that the absence of a smoke detector, if proved, would support a theory of liability against the landlords. We observed, in *Reed*, that, pursuant to *W. Va.Code*, 29–3–5 [1988], the State Fire Commission had adopted the national fire safety standards of the National Fire Protection Association (NFPA) as a part of the West Virginia Fire Code. According to the NFPA national standards, smoke detectors were required in one and two-family private dwellings. Ruling in favor of the administratrix, this Court, in *Reed*, relied upon the State Fire Code and held that "the absence of a smoke detector in a one or two-family dwelling constitutes prima facie evidence of negligence on the part of a landlord if the injury proximately flows from the non-compliance." 192 W. Va. at 398, 452 S.E.2d at 714.

In so holding, this Court indicated, in *Reed*, that the language of *W.Va.Code*, 29–3–16a(g) [1989], to the effect that a violation of that statute could not be used as evidence of negligence in a civil action, was limited to that statute only and could not preclude the smoke detector requirement of the State Fire Code. As the *Reed* opinion stated:

The regulations promulgated by the West Virginia Fire Commission require smoke detectors in one- and two-family dwellings.... We therefore do not believe it was the intention of the Legisla-

---

**2.** As *W. Va.Code*, 37–6–30 [1978], states, in part:
   With respect to residential property:
   (a) A landlord shall;
   (1) At the commencement of a tenancy, deliver the dwelling unit and surrounding premises in a fit and habitable condition, and shall thereafter maintain the leased property in such condition; and
   (2) Maintain the leased property in a condition that meets requirements of applicable health, safety, fire and housing codes [.]
   Moreover, as *W. Va.Code*, 29–3–5 [1988], states, in part:
   (a) The state fire commission shall have the power to promulgate, amend and repeal regulations for the safeguarding of life and property from the hazards of fire and explosion pursuant to the provisions of chapter twenty-nine-a of this code. Such regulations, amendments or repeals thereof shall be in accordance with standard safe practice as embodied in widely recognized standards of good practice for fire prevention and fire protection [.]

   (b) Pursuant to the provisions of chapter twenty-nine-a of this code, the state fire commission, by the first day of January, one thousand nine hundred seventy-seven, shall promulgate comprehensive regulations for the safeguarding of life and property from the hazards of fire and explosion to be known as the state fire code. Regulations embodied in the state fire code shall be in accordance with standard safe practice as embodied in widely recognized standards of good practice for fire prevention and fire protection [.]

**3.** Currently, *W. Va.Code*, 29–3–16a(a) [1991], provides: "On or before the first day of July, one thousand nine hundred ninety-one, an operational smoke detector shall be installed in ... all one- and two-family dwellings." However, subsections (f) and (g) of *W. Va.Code*, 29–3–16a [1991], are the same as subsections (f) and (g) of *W. Va.Code*, 29–3–16a [1989], set forth above.

ture, by virtue of the language in West Virginia Code sec. 29–3–16a(g), to limit the basis of tort liability for failure to provide smoke detectors that might arise outside of that statutory section.

192 W. Va. at 398, 452 S.E.2d at 714.

■ Significantly, however, the *Reed* case did not involve a consideration of the exemption before us in this action. That exemption expressly states: "This State Fire Code has no application to . . . buildings used wholly as dwelling houses for no more than two families [.]" 7 *W. Va.Code of State Rules* 87–1–1.5. As reflected in the final order herein, the circuit court found the exemption to be in effect "at the time of this fire." Consequently, to the extent that this Court, in *Reed,* relied upon the State Fire Code, we also rely upon the State Fire Code in this action, the difference being that, in this action, this Court has before it an exemption to the smoke detector requirement. Moreover, the parties in this action have not cited any authority to the effect that a smoke detector requirement, in these circumstances, is part of the common law of this State. Nor does the record in this action contain any lease provision or agreement between the appellees and the Comers concerning smoke de-

tectors. Consequently, this Court concludes that the exemption in the State Fire Code is dispositive and precludes the appellant's action against the appellees. As stated in the *Reed* opinion: "Where there is no legal duty to take care, there can be no actionable negligence." 192 W.Va. at 396, 452 S.E.2d at 712.

Clearly, the State Fire Commission was authorized, by statute, to create a State Fire Code. That Code, as adopted, contained a clear exemption regarding "buildings used wholly as dwelling houses for no more than two families [.]" Under the circumstances of this action, that exemption is dispositive. Accordingly, the summary judgment was proper, and the final order of the Circuit Court of Raleigh County, entered on January 25, 1996, is affirmed.

Affirmed.