**Victoria Nava CANTINCA, Oscar Gonzales, husband and wife, and Fernando Ladrillero Flores, Plaintiffs Below, Appellants,**

v.

**Gennarino FONTANA, Defendant Below, Appellee.**

No. 209,2005.

Supreme Court of Delaware.

Submitted: Sept. 14, 2005.
Decided: Oct. 5, 2005.

Timothy E. Lengkeek, of Young Conaway Stargatt & Taylor, Wilmington, DE, for Appellants.

Robert K. Pearce and Thomas R. Riggs, of Ferry, Joseph & Pearce, P.A., Wilmington, DE, for Appellee.

Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

JACOBS, Justice:

The plaintiffs-below appellants, Victoria Nava Cantinca, Oscar Gonzales and Fernando Ladrillero Flores, appeal from an order of the Superior Court granting defendant's motion for summary judgment and dismissing this action. The sole issue, which is one of statutory interpretation and of first impression, is whether in a civil action for negligence, 16 *Del. C.* § 6636 bars evidence of conduct that is claimed to constitute a violation of a county ordinance and, as a consequence, negligence *per se.* In a bench ruling, the Superior Court held that Section 6636 barred all evidence relating to a landlord-owner's failure to install and maintain smoke detectors, including evidence that such conduct

violated the New Castle County Code. Without such evidence, the plaintiffs could not establish a *prima facie* case. The plaintiffs appealed the grant of summary judgment. Because we conclude that summary judgment was erroneously granted to the defendant, we reverse.

### Facts

On April 8, 2002, the plaintiffs were seriously injured after being forced to jump out of a second story window to escape a fire in their apartment building that was owned by the defendant-below appellee, Gennarino Fontana. Besides losing all their personal property in the fire, plaintiffs Cantinca and Gonzales were forced to drop their infant daughter from a second floor window into the arms of onlookers below.

The fire broke out in the basement/common area of the building where the defendant admittedly failed to install a smoke detector. The fire spread to the upper levels where two residential apartments were located. The smoke detector on the first floor activated, alerting the first floor residents, but the second floor alarm did not. The defendant admitted that neither he nor his son, who assisted him in maintaining the property, had ever changed the batteries in any of the smoke detectors installed in the building.

The plaintiffs filed a Superior Court action against defendant Fontana, alleging negligence and grossly and wantonly reckless conduct, including: (1) failure to install and maintain smoke detectors on any level of the apartment building; (2) failure to install and maintain fire prevention materials; (3) failure to adequately maintain the common area of the building (thereby allowing household items and debris to accumulate near the heating units); and (4) failure to provide adequate security (especially in the lower level common area to prevent intruders). In support of their case, the plaintiffs offered expert testimony that the property contained defective, insufficient and inactive fire alarm devices, and that the defendant had failed to install and maintain smoke detectors—all of which conduct, the expert opined, violated New Castle County Ordinance 16.02.001.

### The Superior Court Ruling

After hearing oral argument on the motion for summary judgment, the Superior Court ruled from the bench in favor of Fontana. The trial court correctly noted that there were no material issues of fact and that the issue was purely one of law, namely the proper construction of 16 *Del. C.* § 6636 and its application to New Castle County Ordinance 16.02.001.[1]

The Superior Court held that "the plain meaning of 6636 was intentioned [*sic*] by the General Assembly to exclude evidence of any violation of smoke detectors laws set forth in Chapter 66 either as evidence coming in or as a standard of care,"[2] and also determined that Section 6636 preempted the New Castle County Ordinance that was allegedly violated by the defendant's conduct. The Superior Court found that Section 6636 was intended to bar *any* evidence of failure to install or maintain smoke detectors in *any* civil action, even if such failure violated the New Castle County Code, because "to allow individual counties or individual municipalities to set their own standards of care and their own criteria of admissibility ... would eviscerate the ends of the General Assembly in prohibiting 'in civil suits' smoke detector non-compliance as evidence substantially or establish[ing] a

1. Tr. of Summ. J. Mot. at 21–30.

2. *Id.* at 23.

standard of care."[3] To rule otherwise, the trial court explained "... would be allowing in the back door [what] the General Assembly sought to prohibit by section 6636.... The Court will not allow that."[4]

### Analysis

■ This Court reviews a grant of summary judgment *de novo*.[5] The inquiry is two-fold: "whether the record shows that there is no genuine, material issue of fact and [whether] the moving party is entitled to judgment as a matter of law."[6]

Under the Superior Court's interpretation of Section 6636, plaintiffs would have no provable claim. They would be barred from presenting a negligence *per se* claim predicated on a violation of the New Castle County Code. They would also be barred from introducing evidence of the defendant's failure to install or maintain smoke detectors to support a claim based on common law negligence.

■ The plaintiffs contend that the Superior Court reversibly erred by interpreting Section 6636 to have so broad a preclusive effect. The plaintiffs argue that: (1) the explicit language of Section 6636 makes it plain that the statute operates only to exclude evidence of a landlord or property owner's failure to comply with the provisions of Subchapter II of Title 16, Chapter 66, and (2) nothing in Subchapter II supports a legislative intent to preempt

the New Castle County Code provisions that govern smoke detectors, or that otherwise apply to negligence *per se* claims.

### The Plain Meaning of Section 6636

16 *Del. C.* § 6636 provides:

> *Failure to comply* with *this subchapter* shall not be considered as evidence of either comparative or contributory negligence in any civil suit or insurance claim adjudication arising out of any injury or death arising from a fire or the direct consequences of a fire; nor shall *failure to comply* with *this subchapter* be admissible as evidence in any trial of any civil action or insurance claim adjudication.

(italics added). "[T]his subchapter" refers to Subchapter II, which regulates the installation and maintenance of smoke detectors, confers upon the State Fire Marshal enforcement power, and establishes the jurisdiction of the Justice of the Peace Court over subchapter violations.[7]

■ This Court has held that in construing a statute, the plain meaning of the statutory language controls.[8] "In particular, 'the courts may not engraft upon a statute language which has been clearly excluded therefrom by the Legislature.'"[9] It is within this framework that the Court must construe the statutory text.[10]

---

**3.** *Id.* at 25.

**4.** *Id.* at 27–28.

**5.** *Williams v. Geier*, 671 A.2d 1368, 1375 (Del. 1996).

**6.** *Id.* (quoting *Arnold v. Society for Sav. Bancorp.*, 650 A.2d 1270, 1276 (Del.1994)).

**7.** 16 *Del. C.* § 6631, *et. seq.*

**8.** *State Farm Mut. Auto. Ins. Co. v. Mundorf,* 659 A.2d 215, 220 (Del.1995).

**9.** *Id. See also Eliason v. Englehart,* 733 A.2d 944, 946 (Del.1999) ("If a statute is unambiguous, there is no need for judicial interpretation, and the plain meaning of the statutory language controls.").

**10.** Neither party in this case, nor the Superior Court, was able to locate any legislative history regarding the General Assembly's intent in enacting 16 *Del. C.* § 6636.

Each side argues that the plain meaning of the statute supports its position. The plaintiffs emphasize the clause "under this subchapter," as establishing the legislative intent that only violations of "this subchapter" may be barred as evidence of negligence or contributory negligence. To buttress their position, the plaintiffs point to other provisions of the Delaware Code where the General Assembly has explicitly declared specific underlying conduct to be inadmissible in a civil action. For example, failure to wear a seat belt,[11] failure to wear a child passenger restraint system,[12] and failure to wear a bicycle helmet[13] are made inadmissible, by statute, as evidence of negligence in a civil suit. The statutes that so provide bar not only evidence that specific conduct constitutes a violation of the statute, but also evidence of the specific underlying conduct itself. The plaintiffs contend that because the General Assembly did not use similar language prohibiting evidence of the underlying conduct in 16 *Del. C.* § 6636, the statutory intent was to exclude only evidence that the underlying conduct amounts to a violation of one or more of the provisions found in Subchapter II of Title 16, as distinguished from evidence of the underlying conduct itself.

The defendant argues that the statutory language, a "failure to comply with this subchapter," must be read to exclude evidence of both a violation of the subchapter, and of the underlying conduct constituting the violation. Otherwise, the defendant urges, the "very same conduct which is inadmissible under the state code would be admissible under a county code. This would lead to a patchwork of inconsistent results, and obviously was not what the General Assembly intended."[14]

The difficulty with this argument, and with the Superior Court's holding, is that they do not give effect to the statute's clear language. The plain meaning of Section 6636 is that a violation of "this subchapter" cannot serve as a basis for a negligence claim.[15] To interpret Section 6636 as the Superior Court did, would overly broaden its reach, and would read the statute as if it mandated that: "failure to comply with the provisions of this subchapter, *and the ordinances of any county or subdivision of this State,* shall not be considered as evidence." That (italicized) meaning simply does not appear, expressly or by implication, anywhere within the statute's four corners. By its own terms, Section 6636 expressly bars only the introduction of evidence in a civil action that a party's conduct constituted a violation of Subchapter II. It does not expressly bar evidence of the underlying conduct, or evidence that such conduct constitutes a violation of a legal provision, ordinance or other regulation that is not found in Subchapter II.[16]

---

**11.** 21 *Del. C.* § 4802(i) (2004) ("Failure to wear or use an occupant protection system shall not be considered as evidence....").

**12.** 21 *Del. C.* § 4803(d) (2004) ("A violation of this section shall not be considered as evidence ... nor shall failure to wear a child passenger restraint system....").

**13.** 21 *Del. C.* § 4198K(e) (2004) ("Failure to wear a bicycle helmet as herein described shall not be considered evidence....").

**14.** Appellee's Am. Answering Brief at 6.

**15.** *See Norfleet v. Mid–Atlantic Realty Co.,* Civ. A. No. 95C–11–008, 2001 WL 695547, at *2 (Del.Super.Ct. Apr. 20, 2001) (holding that a plaintiff could not base a claim on a violation of 16 *Del. C.* § 6634 because of the exclusionary provision in Section 6636, which is clear from the text of the statute).

**16.** The plaintiffs cite two cases to support their position that Section 6636 should preclude evidence of only a violation of "this subchapter" while allowing evidence of the underlying conduct: *Reed v. Phillips,* 192 W.Va. 392, 452 S.E.2d 708 (1994) and *Dixon*

### Preemption of the County Code

[5] The Superior Court also held that Section 6636 preempts the counterpart New Castle County Code provision,[17] because Section 6636 (a state statute) and the counterpart County Code provision conflict. Those provisions conflict, the trial court ruled, because the County Code permits the admission of smoke detector violation evidence but Section 6636 precludes it. That ruling, the plaintiffs urge, is erroneous, because the Delaware Constitution authorizes New Castle County to adopt ordinances, laws or rules regulating buildings and other structures, and unless the state statute on its face purports to be exclusive or the substance of the state and county regulatory provisions is inconsistent, there is no conflict that justifies preemption.

■ In Delaware, the State and its political subdivisions are permitted to enact similar provisions and regulations, so long as the two regulations do not conflict.[18] But "where [a] conflict exists between a state statute and a municipal ordinance, the statute must always prevail."[19] The predominant test for conflict in a preemption analysis is whether the state statute was intended to be exclusive.[20]

■ Legislative intent to make a state statute exclusive of any regulation of the same subject matter by a political subdivision may be express or implied.[21] Express exclusivity intent exists where the statutory text or legislative history explicitly provides or demonstrates that the state statute is intended to replace or prevail over any pre-existing laws or ordinances that govern the same subject matter.[22] Implied exclusivity intent may be found where the two regulations are inconsistent; for example, where a state statute prohibits an act that is permitted by a local ordinance.[23] To be inconsistent by impli-

---

*v. Stewart*, 658 P.2d 591 (Utah 1982). In both cases, the statutory language specifically prohibited evidence of "a violation of this section" (*Reed*, 452 S.E.2d at 711) and "the record of conviction" (*Dixon*, 658 P.2d at 599). Both courts excluded only the record of violation or conviction, but held that evidence of the underlying conduct remained admissible to prove fault.

17. New Castle County Code § 16.02.001 (1998) (articulating the requisite location, audibility and maintenance of smoke detectors in a residential building).

18. *Poynter v. Walling*, 177 A.2d 641, 646 (Del.Super.Ct.1962). *See Firemen's Ins. Co. of Washington, D.C. v. Washington*, 483 F.2d 1323, 1328 (D.C.Cir.1973) ("Statutory and local regulation may coexist in identical areas although the latter, not inconsistently with the former, exacts additional requirements, or imposes additional penalties."). "The test of concurrent authority ... is the absence of conflict with the legislative will." *Id. See also City of Des Moines v. Reiter*, 251 Iowa 1206, 102 N.W.2d 363, 365–66 (Iowa 1960); *Miller v. Fabius Tp. Bd., St. Joseph County*, 366 Mich. 250, 114 N.W.2d 205, 208 (1962).

19. *State v. Putman*, 552 A.2d 1247, 1249 (Del.Super.Ct.1988).

20. *Poynter*, 177 A.2d at 646. *See* 56 Am. Jur.2d *Municipal Corporations, Etc.* § 329 (2005).

21. *See Fogle v. H & G Restaurant, Inc.*, 337 Md. 441, 654 A.2d 449, 460 (1995) ("A state law may preempt a local law or regulation in one of three ways: 1) by conflict, 2) expressly, or 3) by implication."). The Court of Appeals of Maryland defined implied preemption as "when the legislature ... so forcibly express[es] its intent to occupy a specific field of regulation that the acceptance of the doctrine of pre-emption by implication is compelled." *Id.*

22. *See, e.g., Goodell v. Humboldt County*, 575 N.W.2d 486, 493 (Iowa 1998).

23. *See Hayward v. Gaston*, 542 A.2d 760, 767 (Del.1988) (holding that the Kent County Zoning Ordinance was not preempted by Chapter 90 of the Delaware Code because they were not inconsistent). *See also Goodell*, 575 N.W.2d at 493 ("Implied preemption may

cation, however, the local ordinance must hinder the objectives of the state statute.[24]

No exclusivity intent, express or implied, can be found in Section 6636. No express language in that statute suggests that the General Assembly intended that provision to be the exclusive vehicle for regulating smoke detectors. To the contrary, Section 6633(b), which governs the installation of smoke detectors, provides that: "[w]here there is a conflict between installation requirements, this section shall be interpreted to require the more strict of the installation specifications for a particular occupancy."[25] Although Section 6633(b) addresses a conflict between the State Fire Prevention Regulations and local building codes, it signals that the General Assembly did not intend for the statute to be the exclusive body of law regulating smoke detectors. Thus, unless there is an implied intent that the state statute be exclusive, there is no preemption. The Court next addresses that inquiry.

The New Castle County Code and Section 6636 are not implicitly inconsistent. Although both provisions regulate the placement and maintenance of smoke detectors in rental apartments, concurrent regulation of the same subject matter, without more, does not create a preemption justifying conflict.[26] To be inconsistent, the county ordinance must hinder the objectives of the state statute.[27] The trial court found the two provisions to be inconsistent, because Section 6636 precluded the admission of evidence of noncompliance with smoke detector regulations while the County Code permitted it. The flaw in the trial court's reasoning stems from its over-broad reading of the statute.

As we have held, Section 6636 does not preclude the admission of all evidence of noncompliance with smoke detector regulations. Rather, it bars only evidence that the defendant's conduct constitutes a violation of Subchapter II. The County Code does not hinder the objectives of Section 6636, because its regulatory commands do not derive from, nor are they part of, Subchapter II. Persuasive evidence that Section 6636 is not inconsistent with the County ordinances by implication is that Section 6633(b) explicitly defers to the stricter regulation in the event of a conflict between installation requirements. The conflicts clause of the counterpart County Code provision similarly states that "[i]n a conflict between this Section and any other applicable State or County statute, ordinance or regulation, the more restrictive provisions shall prevail."[28] Therefore, Section 6636 and the counterpart provision of the New Castle County Code are consistent and there remains no express or implied preemption-justifying conflict as between these two regulatory provisions.

### Conclusion

The judgment of the Superior Court is reversed, and the case is remanded to the Superior Court for proceedings consistent with this Opinion.

---

also occur when the legislature has 'cover[ed] a subject by statutes in such a manner as to demonstrate a legislative intention that the field is preempted by state law.' ").

24. *Hayward,* 542 A.2d at 767 (The two sets of regulations were not inconsistent because the county zoning authority in no way hindered the objectives of Chapter 90.).

25. 16 *Del. C.* § 6633(b).

26. *Poynter,* 177 A.2d at 646.

27. *Hayward,* 542 A.2d at 767.

28. New Castle County Code § 16.02.001(F).