540 S.E.2d 536

**Thelma J. DALTON, Plaintiff Below, Appellant,**

v.

**John DOE, Defendant Below, Appellee.**

No. 26437.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 25, 2000.

Decided June 16, 2000.

Dissenting Opinion of Justice McGraw Jan. 12, 2001.

John H. Bicknell, Bert Ketchum, Greene, Ketchum, Bailey & Tweel, Huntington, for Appellant.

J. Tyler Dinsmore, Erica M. Baumgras, Flaherty, Sensabaugh & Bonasso, Charleston, for Prudential Insurance Company.

Catherine D. Munster, McNeer, Highland, McMunn & Varner, Charleston, and Charles S. Piccirillo, Kelly R. Charnock, Shaffer & Shaffer, Madison, for State Farm Mutual Automobile Insurance Company.

PER CURIAM.

This is an appeal by Thelma J. Dalton from an order of the Circuit Court of Logan County granting State Farm Mutual Automobile Insurance Company and Prudential Insurance Company summary judgment in an action which the appellant instituted to recover under the uninsured insurance endorsement to automobile insurance policies issued by the companies. The circuit court concluded that the appellant was precluded from recovering under the uninsured motorist provisions because the uninsured motorist involved in the appellant's accident had not actually had physical contact with the appellant. In reaching the decision that physical contact was necessary, the court refused to apply retroactively this Court's holding in *Hamric v. Doe*, 201 W.Va. 615, 499 S.E.2d 619 (1997), that physical contact was unnecessary, under certain circumstances, to permit an insured to recover under an uninsured motorist provision.

In the present appeal, the appellant claims that the trial court erred in refusing to apply the *Hamric* holding retroactively to her case. By way of cross-assignment of error, Prudential Insurance Company, on behalf of the defendant, John Doe, claims that the circuit court erred in ruling that West Virginia's ten-year statute of limitations period for contract actions, rather than the two-year limita-

tions period for tort actions, governed the time for the filing of this action.

## I.

### FACTUAL BACKGROUND

On July 31, 1992, the appellant Thelma J. Dalton suffered personal injuries when she struck a tree to avoid a collision with another vehicle driven by an unknown "John Doe" driver. There was no actual physical contact between the appellant and the other vehicle. At the time of the accident, West Virginia law, as then interpreted, precluded an insured's recovery under an uninsured motorist provision unless there was physical contact between the victim's vehicle and the vehicle of the uninsured motorist.

In 1997, some five years after the appellant's accident, this Court in *Hamric v. Doe, id.,* ruled that physical contact between the vehicle of a victim and the vehicle of an uninsured motorist was not necessary for recovery where the accident was witnessed by a disinterested third-party witness. Although the Court recognized that, to recover under an uninsured motorist clause, it was necessary to establish a close and substantial physical nexus between the unidentified vehicle and the insured vehicle, the Court proceeded to conclude that:

> A close and substantial physical nexus exists between an unidentified hit-and-run vehicle and the insured for uninsured motorist insurance coverage under W. Va. Code § 33–6–31(e)(iii) when an insured can establish by independent third-party evidence to the satisfaction of the trial judge and the jury, that but for the immediate evasive action of the insured, direct physical contact would have occurred between the unknown vehicle and the victim.

Syllabus Point 3, *Hamric v. Doe, id.*

Following the issuance of the *Hamric* decision, the appellant, on January 12, 1998, instituted the present action in the Circuit Court of Logan County. In her complaint, she alleged that the accident which had caused her injuries had been caused by the negligence of an unidentified John Doe who had left the scene of the accident and that the accident had been witnessed by three third-party, disinterested individuals. She also alleged that she was insured under an insurance policy issued by Prudential Property and Casualty Insurance Company (elsewhere referred to as Prudential Insurance Company) which provided uninsured motorist coverage of $100,000 per person, or $300,000 per accident on each of two vehicles owned by her. She further claimed that the vehicle which she was driving at the time of the accident, which she did not own, was covered under a policy of insurance issued to Howard Toppings by State Farm Mutual Automobile Insurance Company which also provided her with uninsured motorist coverage in the amount of $100,000 person, or $300,000 per accident.

State Farm Mutual Automobile Insurance Company filed an answer to the appellant's complaint in which it asserted that the appellant's claim was barred by the statute of limitations. It also alleged that since there was no physical contact between the vehicle operated by the appellant and that operated by the alleged John Doe driver, there was no uninsured motorist coverage available to the plaintiff. In taking this position, it effectively claimed that the Court's holding in the *Hamric* decision did not apply retroactively to the appellant's case. Prudential Insurance Company also filed an answer which affirmatively asserted the statute of limitations defense and which stated that since there was no physical contact between the vehicle operated by the appellant and that operated by the alleged John Doe driver, there was no uninsured vehicle coverage available to the plaintiff.

Following the filing of the answers in the case, State Farm Mutual Automobile Insurance Company, appearing and defending in the name of John Doe, moved for summary judgment. The summary judgment issues were subsequently briefed by the parties and, on November 23, 1998, the Circuit Court of Logan County entered the order from which the present appeal is taken. In that order, the court first ruled that since the appellant's claim was a claim relating to coverage under an insurance contract, West Virginia's ten-year statute of limitations, which applied to contract actions, rather than West

322

Virginia's two-year statute of limitations which applied to tort actions, controlled. In view of the fact that the ten-year statute of limitations period controlled and that appellant's action was brought some six years after the accident, the court concluded that the action was not barred by the statute of limitations.

The court, however, also stated that:

> With respect to the defendant's motion for summary judgment, the Court recognizes that at the time of the automobile accident which is the subject of plaintiff's claim, July 31, 1992, and currently, physical contact is required in order for an insured to present an uninsured motor vehicle coverage claim under West Virginia Code § 33–6–31(e)(iii), including a John Doe vehicle, such as the case here. The plaintiff herein acknowledges no physical contact between her vehicle and the John Doe vehicle, but attempts to retroactively invoke the case of *Hamric v. John Doe and State Farm Mut. Auto. Ins. Co.*, CIV. A.23964, [201 W.Va. 615, 499 S.E.2d 619,] 1997 WL 752151 (W.Va.1997). The Court is of the opinion and hereby finds that the recent ruling by the West Virginia Supreme Court of Appeals in *Hamric*, is a drastic departure in this area of the law. This Court is further of the opinion that *Hamric* should not be applied retroactively because of this drastic departure as it may cause cases even older than the instant case to be resurrected without a proper opportunity to investigate being available, particularly in light of the fact that the physical contact requirement of the statute was in place and enforced by case law prior to *Hamric*. For these reasons, the Court is of the opinion that the defendant's motion for summary judgment should be granted as there exists no genuine issue of material fact to support the plaintiff's claim in this matter.

## II.

## STANDARD OF REVIEW

At the outset, the Court notes that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). The Court also notes that "[i]f there is no genuine issue as to any material fact summary judgment should be granted but such judgment must be denied if there is a genuine issue as to a material fact." Syllabus Point 4, *Aetna Casualty and Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

## III.

## DISCUSSION

In the present case, the first claim which has been asserted by the appellant is that the trial court erred in refusing to apply this Court's decision in *Hamric v. Doe, supra*, retroactively in her case. As has previously been stated, the essential holding in *Hamric v. Doe* was that actual physical contact was unnecessary in West Virginia to afford an insured coverage under an uninsured motorist provision provided there was independent, third-party evidence that an uninsured motorist caused an insured's injury.

As has also been stated, the circuit court in refusing to apply *Hamric v. Doe* retroactively concluded that the *Hamric* decision demonstrated a dramatic departure from law in the case and that under the circumstances it should not be applied retroactively.

In *Bradley v. Appalachian Power Company*, 163 W.Va. 332, 256 S.E.2d 879 (1979), this Court examined the circumstances under which a Supreme Court decision overruling previous law should be afforded retroactivity. In Syllabus Point 5 of the *Bradley* decision, this Court summarized the criteria which should be followed in determining whether retroactivity is appropriate. Specifically, the Court said:

> In determining whether to extend full retroactivity, the following factors are to be considered: First, the nature of the substantive issue overruled must be determined. If the issue involves a traditionally settled area of law, such as contracts or property as distinguished from torts, and the new rule was not clearly foreshadowed, then retroactivity is less justified. Second, where the overruled decision deals with

procedural law rather than substantive, retroactivity ordinarily will be more readily accorded. Third, common law decisions, when overruled, may result in the overruling decision being given retroactive effect, since the substantive issue usually has a narrower impact and is likely to involve fewer parties. Fourth, where, on the other hand, substantial public issues are involved, arising from statutory or constitutional interpretations that represent a clear departure from prior precedent, prospective application will ordinarily be favored. Fifth, the more radically the new decision departs from previous substantive law, the greater the need for limiting retroactivity. Finally, this Court will also look to the precedent of other courts which have determined the retroactive/prospective question in the same area of the law in their overruling decisions.

In applying these criteria in the present case, the Court notes that prior to the *Hamric* decision, in order for an insured to recover from an insurer under an uninsured motorist provision, the insured was required to show at trial that the injuries incurred resulted after physical contact with the uninsured vehicle. *Lusk v. Doe*, 175 W.Va. 775, 338 S.E.2d 375 (1985). The clear effect of *Hamric* was to overrule this established law. Further, the *Hamric* decision involved substantive rather than procedural law. It did not procedurally alter the manner in which an insured brought a John Doe action or sought uninsured motor vehicle benefits. Rather, it provided that an insured could substantively recover even if the insured did not have physical contact with the uninsured vehicle so long as the plaintiff could produce appropriate, disinterested, third-party corroboration of the accident. Lastly, the *Hamric* decision did raise substantial public issues involving many parties. It, in effect, allowed any insured party who had the appropriate corroborating proof to recover even in the absence of physical contact with the uninsured vehicle. Finally, the Court notes that other jurisdictions have refused to apply the change in the physical contact provisions retroactively. *See Olinik v. Nationwide Mut. Ins. Co.*, 133 Ohio App.3d 200, 727 N.E.2d 171 (1999); and *Lowing v. Allstate Ins. Co.*, 176 Ariz. 101, 859 P.2d 724 (1993).

 Although the *Hamric* decision resulted in some variation of the common law as interpreted in this State, and that factor might, under the holding of *Bradley v. Appalachian Power Company*, *supra*, suggest that the *Hamric* decision should be given retroactive effect, this Court believes that the overwhelming presence of the other factors examined in *Bradley* dictates that the *Hamric* decision should be given only prospective effect. In light of this, the circuit court in the present case correctly refused to apply *Hamric* retroactively and correctly denied the appellant the benefit of the *Hamric* ruling.

The Court notes that factually, there is no dispute over the fact that there was no physical contact between the appellant and the uninsured vehicle involved in the present case, and since there was no factual dispute on that point, and since in the absence of physical contact the appellant was not entitled to recover under the uninsured motorist provisions under the law as then in effect, this Court believes that the trial court properly granted summary judgment on the *Hamric* issue.

 The second issue involved in the present case is whether or not the trial court properly concluded that the ten-year statute of limitations for contract, rather than the two-year statute of limitations for tort actions, should govern the bringing of this case.

In *Plumley v. May*, 189 W.Va. 734, 434 S.E.2d 406 (1993), this Court ruled that:

When a direct action against an uninsured or underinsured motorist carrier is pursued, that action sounds in contract and is governed by the statute of limitations applicable to contract actions. Where a plaintiff pursues an action to recover uninsured or underinsured motorist benefits, that action may be directed against the uninsured or underinsured carrier and does not require an action against the tortfeasor with whom the plaintiff has already

settled for liability limits with the insurer's consent and waiver of subrogation rights.

Syllabus Point 2, *Plumley v. May, id.*

Although a cursory examination of *Plumley v. May, id.,* would suggest that the present proceeding is governed by West Virginia's ten-year statute of limitations for contract actions, the Court notes that the present case is markedly different from the *Plumley* case in that the present action was brought against a John Doe defendant rather than a named and identifiable defendant. *Plumley v. May* involved an identifiable defendant, and in reaching the decision in that case, the Court recognized that a John Doe action, which had previously been held to be an action in tort in *Lusk v. Doe, supra,* and *Perkins v. Doe,* 177 W.Va. 84, 350 S.E.2d 711 (1986), presented a different problem and sounded in tort. The Court said: "Our opinions in *Lusk, Davis,* [175 W.Va. 364, 332 S.E.2d 819,] *and* Perkins *concluded that such action was an action in tort. Obviously, such a 'John Doe' action is designed to represent a plaintiff's suit against an actual tortfeasor and therefore sounds in tort."* Plumley v. May, *189 W.Va. at 738, 434 S.E.2d at 410.*

Although *Plumley v. May* did hold that a direct action may be maintained against an uninsured or underinsured motorist carrier, and that such an action sounded in contract rather than tort, the holding in that case was rather plainly limited to the situation of where the defendant was a known and named defendant, and did not cover the situation where the defendant was a John Doe defendant. In view of this, and in view of the fact that the Court explicitly indicated in *Plumley v. May* that a John Doe action sounds in tort rather than contract, this Court concludes that the trial court improperly ruled that the ten-year statute of limitations for contract, rather than the two-year statute of limitations for tort, governed the appellant's action.

The facts in the present case plainly show that there was no physical contact between the appellant and the John Doe driver. They also show that the appellant's action was not brought within two years. In light of these undisputed facts, summary judgment was appropriate under the rule set forth in *Aetna Casualty and Surety Co. v. Federal Insurance Company of New York, supra.*

Inasmuch as *Hamric v. Doe, supra,* effectively precludes the appellant's recovery, this Court believes that the circuit court properly granted the insurers summary judgment and that the judgment of the circuit court, except as it relates to the statute of limitations, should be affirmed.

Affirmed.

Justice McGRAW dissents and files a dissenting opinion joined by Justice STARCHER.

McGRAW, Justice, dissenting.

(Filed Jan. 12, 2001)

I reject the majority's conclusion that *Hamric v. Doe,* 201 W.Va. 615, 499 S.E.2d 619 (1997), had the "clear effect of . . . overrul[ing] established law,"and must therefore be applied only prospectively. While it is true that the *Hamric* Court suggested in a footnote that it was overruling prior case law on the subject,[1] *Hamric* in fact did not work any significant change in West Virginia law. Previous cases, most notably *State Farm Mut. Auto. Ins. Co. v. Norman,* 191 W.Va. 498, 446 S.E.2d 720 (1994), clearly foreshadowed the result reached in *Hamric.* Indeed, *Hamric* was the very first case in which this Court was required to address the ultimate reach of the "physical contact" requirement contained in W. Va.Code § 33–6–31(e)(iii). Thus, the majority's suggestion that *Hamric* marked a departure from previous settled law is simply inaccurate. I would permit *Hamric* to be applied retroactively, as is the Court's custom in all cases of first impression

---

1. See *Hamric,* 201 W.Va. at 621 n. 3, 499 S.E.2d at 625 n. 3 (suggesting that holding in *Hamric* was in conflict with *Lusk v. Doe,* 175 W.Va. 775, 338 S.E.2d 375 (1985), where the latter case stated, "In order for the insured to recover from the insurer, upon trial it must be shown that the injuries were incurred after physical contact with the hit and run vehicle."). It is difficult to see how there is any conflict between *Lusk* and *Hamric,* where the former case simply pointed out the existence of the "physical contact" requirement, and the latter undertook the straightforward judicial task of interpreting such terminology.

dealing with issues of statutory interpretation.

I likewise disagree with the majority's conclusion that so-called "John Doe" actions must be governed by the general two-year statute of limitation set forth in W. Va.Code § 55–2–12, rather than the ten-year limitation period for contract actions provided by W. Va.Code § 55–2–6. The majority attempts to make a distinction between actions brought directly against an insurer, and cases formally commenced against an unknown defendant in order to collect uninsured or underinsured motorist coverage. This is a hollow distinction. In *Plumley v. May*, 189 W.Va. 734, 434 S.E.2d 406 (1993), the Court made clear that an action brought against an insurer in pursuit of uninsured or underinsured motorist coverage is an action in contract rather than tort. I simply fail to see any reason for treating a John Doe action any differently, where the single object of such proceedings is to recover from the insurer. The majority in this case has plainly exalts form over substance.

For the foregoing reasons, I respectfully dissent. I am authorized to state that Justice STARCHER joins in this dissent.