637 S.E.2d 610

**Donna M. RICHMOND, Plaintiff Below, Appellant,**

v.

**Barry A. LEVIN, M.D., Defendant Below, Appellee.**

No. 32877.

Supreme Court of Appeals of West Virginia.

Submitted April 11, 2006.

Decided June 8, 2006.

Dissenting Opinion of Justice Maynard June 28, 2006.

Charles R. Hughes, Shawn R. Romano, Daniels Law Firm, Charleston, for Appellant.

Ancil G. Ramey, Michael D. Mullins, Steptoe & Johnson, Charleston, for Appellee.

PER CURIAM:

Donna M. Richmond, appellant, plaintiff below (hereinafter referred to as "Ms. Richmond"), appeals from an order entered by the Circuit Court of Raleigh County in her medical malpractice action against Dr. Barry A. Levin, appellee, defendant below (hereinafter referred to as "Dr. Levin"). By that order, the circuit court upheld a non-unanimous jury verdict in favor of Dr. Levin, based upon the non-unanimous verdict provision of the Medical Professional Liability Act (hereinafter referred to as the "MPLA") found at W. Va.Code § 55–7B–6d (2001) (Supp. 2004). In this appeal, Ms. Richmond contends that she is entitled to a new trial pursuant to this Court's holding in *Louk v. Cormier*, 218 W.Va. 81, 622 S.E.2d 788 (2005), which found the MPLA's non-unanimous jury verdict provision to be unconstitutional. After a careful review of the briefs and the record on appeal, and with consideration of the arguments of the parties, we reverse the order of the circuit court and remand this case for further proceedings.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The record in the case indicates that on October 4, 2001, Ms. Richmond fell on ice

outside of Raleigh General Hospital and sought treatment on that day from Dr. Levin for a fracture of her left distal radius.[1] Later that day, Dr. Levin performed an open reduction and internal fixation of Ms. Richmond's fractured left radius and continued treatment of Ms. Richmond's arm through January 2002. Subsequently, Ms. Richmond suffered from nonunion of the fracture of her radius and was required to undergo multiple surgeries in an attempt to achieve union, or proper healing, of her radius.

On October 3, 2003, Ms. Richmond filed a medical malpractice action against Dr. Levin seeking damages resulting from Dr. Levin's alleged negligence in the treatment of Ms. Richmond's left distal radius fracture.[2] Ms. Richmond argued that Dr. Levin's treatment was inadequate, representing a breach of the standard of care, which resulted in the improper healing of Ms. Richmond's radius fracture.

The case proceeded to trial on January 19, 2005, before a twelve-person jury. After both parties presented their case in chief, the trial court gave its jury charge, including an instruction, pursuant to W. Va.Code § 55–7B–6d of the MPLA, that it was not necessary for the jury to come to a unanimous verdict. The jury returned a verdict in which nine jurors found in favor of Dr. Levin and three jurors found in favor of Ms. Richmond.

Thereafter, Ms. Richmond filed post-trial motions for Judgment as a Matter of Law and in the Alternative for a New Trial. The circuit court denied both motions by order entered on March 23, 2005. On July 1, 2005 this Court rendered the decision in *Louk* holding W. Va.Code § 55–7B–6d unconstitu-

tional. Thereafter, on July 19, 2005, Ms. Richmond filed a petition for appeal in which she raised for the first time the issue of the constitutionality of W. Va.Code § 55–7B–6d. This Court accepted the petition for appeal to determine whether the decision in *Louk* may be applied retroactively to cases pending when that decision was rendered.

## II.

### STANDARD OF REVIEW

The only issue presented in this proceeding is whether the decision in *Louk*, finding W. Va.Code § 55–7B–6d unconstitutional, may be applied retroactively to a case that was pending in circuit court when the decision was rendered.[3] This issue presents a question of law; therefore, we apply a de novo standard of review. *See Phillip Leon M. v. Greenbrier County Bd. of Educ.*, 199 W.Va. 400, 404, 484 S.E.2d 909, 913 (1996) ("Because interpretations of the West Virginia Constitution, along with interpretations of statutes and rules, are primarily questions of law, we apply a *de novo* review."); Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

## III.

### DISCUSSION

Ms. Richmond seeks a new trial in this case on the ground that the jury non-unanimity requirement of W. Va.Code § 55–7B–6d is unconstitutional. This Court recently ad-

---

1. Insofar as this case presents only a legal question, the parties have been very brief in the rendition of facts.

2. Ms. Richmond also sued Raleigh General Hospital. However, it appears that the Hospital was eventually dismissed from the case.

3. As we previously indicated, Ms. Richmond did not raise the issue of the constitutionality of W. Va.Code § 55–7B–6d before the trial court. Dr. Levin has presented a number of arguments as to why this Court should consider the issue waived, because it was not properly preserved below.

We reject those arguments in light of our precedents and the explicit holding in *Louk* that "[a] constitutional issue that was not properly preserved at the trial court level may, in the discretion of this Court, be addressed on appeal when the constitutional issue is the controlling issue in the resolution of the case." Syl. pt. 2, *Louk. See also Whitlow v. Board of Educ. of Kanawha County*, 190 W.Va. 223, 226–27, 438 S.E.2d 15, 18–19 (1993) ("The constitutional issue raised for the first time on appeal is the controlling issue in the resolution of the case.... We view the matter as sufficiently developed to decide the issue.").

dressed the constitutionality of the statute in *Louk* and held:

> The provisions contained in W. Va.Code § 55–7B–6d (2001) (Supp. 2004) were enacted in violation of the Separation of Powers Clause, Article V, § 1 of the West Virginia Constitution, insofar as the statute addresses procedural litigation matters that are regulated exclusively by this Court pursuant to the Rule–Making Clause, Article VIII, § 3 of the West Virginia Constitution. Consequently, W. Va. Code § 55–7B–6d, in its entirety, is unconstitutional and unenforceable.

Syl. pt. 3, *Louk.*[4] Ms. Richmond takes the position that *Louk* should be applied retroactively to her case.[5] On the other hand, Dr. Levin contends that *Louk* should not be applied retroactively. In support of his argument, Dr. Levin contends that Ex Post Facto Clause due process principles and the factors in *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979) prohibit retroactive application of *Louk.* After briefly discussing Dr. Levin's Ex Post Facto Clause argument, we will analyze *Louk* under the specific factors that have been established to determine retroactivity.

### A. Ex Post Facto Clause

■ To begin, Dr. Levin cites to language in a prior opinion of this Court wherein it was noted that, "due process places a limitation on retroactive judicial application of statutory enactments which precludes courts from effecting a result which the legislature is barred from achieving by the Ex Post Facto Clause." *State v. R.H.*, 166 W.Va. 280, 287, 273 S.E.2d 578, 583 (1980), *overruled on other grounds by State ex rel. Cook v. Helms*, 170 W.Va. 200, 292 S.E.2d 610 (1981). The Ex Post Facto Clause due process concerns expressed by the above language have no application to the issue of retroactivity in this case.[6]

■ The due process concerns of the Ex Post Facto Clause have application only to retroactivity of "punitive" laws or rules. That is, "[a] fundamental principle of ex post facto law is that it only applies to criminal proceedings, not civil." *State v. Smith*, 198 W.Va. 702, 713, 482 S.E.2d 687, 698 (1996). *See Haislop v. Edgell*, 215 W.Va. 88, 94, 593 S.E.2d 839, 845 (2003) (observing that legislation which is civil "would not implicate the ex post facto clause," whereas legislation which is punitive "would violate the clause."); *State v. Whalen*, 214 W.Va. 299, 301 n. 2, 588 S.E.2d 677, 679 n. 2 (2003) ("[T]he retroactive aspects of the Sex Offender Registration Act do not violate the constitutional prohibition against *ex post facto* laws, because the Act is a civil regulatory statute and not a criminal penalty statute.").[7] Consequently, we reject

---

4. We should point out that Ms. Richmond has focused upon the non-unanimity requirement of the statute, but in striking down the statute in its entirety *Louk* also struck down the provision in the statute requiring a twelve person jury. The statute provided in full as follows:

> Notwithstanding any other provision of this code, the jury in any trial of an action for medical professional liability shall consist of twelve members. The judge shall instruct the jury that they should endeavor to reach a unanimous verdict but, if they cannot reach a unanimous verdict, they may return a majority verdict of nine of the twelve members of the jury. The judge shall accept and record any verdict reached by nine members of the jury. The verdict shall bear the signatures of all jurors who have concurred in the verdict. The verdict shall be announced in open court, either by the jury foreperson or by any of the jurors concurring in the verdict. After a verdict has been returned and before the jury has been discharged, the jury shall be polled at the request of any party or upon the court's own motion. The poll shall be conducted by the clerk of the court asking each juror individually whether the verdict announced is such juror's verdict. If, upon the poll, a majority of nine members of the jury has not concurred in the verdict, the jury may be directed to retire for further deliberations or the jury may be discharged.

W.Va.Code § 55–7B–6d (2001) (Supp. 2004).

5. Ms. Richmond also argues that this Court need not determine whether *Louk* applies retroactively, and could simply decide anew whether or not the statute is constitutional. We decline to reinvent the wheel and will confine our analysis to the issue of retroactivity.

6. The decision in *R.H.* concerned the retroactive application of an amended statute that affected juveniles accused of committing crimes. We found that retroactive application of the amended statute violated the Ex Post Facto Clause.

7. "Under ex post facto principles of the United States and West Virginia Constitutions, a law passed after the commission of an offense which

the Ex Post Facto Clause argument raised by Dr. Levin.

### B. Retroactivity

In *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979), this Court recognized the benefits of retroactivity in providing equality of application of the law, but also recognized that, before applying a decision retroactively, several counterbalancing factors need to be taken into consideration. Under *Bradley*, the general guidelines for determining retroactivity of a decision by this Court have been stated as follows:

> In determining whether to extend full retroactivity, the following factors are to be considered: First, the nature of the substantive issue overruled must be determined. If the issue involves a traditionally settled area of law, such as contracts or property as distinguished from torts, and the new rule was not clearly foreshadowed, then retroactivity is less justified. Second, where the overruled decision deals with procedural law rather than substantive, retroactivity ordinarily will be more readily accorded. Third, common law decisions, when overruled, may result in the overruling decision being given retroactive effect, since the substantive issue usually has a narrower impact and is likely to involve fewer parties. Fourth, where, on the other hand, substantial public issues are involved, arising from statutory or constitutional interpretations that represent a clear departure from prior precedent, prospective application will ordinarily be favored. Fifth, the more radically the new decision departs from previous substantive law, the greater the need for limiting retroactivity. Finally, this Court will also look to the precedent of other courts which have determined the retroactive/prospective question in the same area of the law in their overruling decisions.

increases the punishment, lengthens the sentence or operates to the detriment of the accused, cannot be applied to him." Syl. pt. 1, *Adkins v. Bordenkircher*, 164 W.Va. 292, 262 S.E.2d 885 (1980).

Syl. pt. 5, *Bradley*. Although "the analysis established by *Bradley* is not directly on point since the question in the case before us does not involve overruling any prior authority, portions of the analysis can be used to help us determine whether or not our holding [in *Louk*] should apply [retroactively]." *Kincaid v. Mangum*, 189 W.Va. 404, 414, 432 S.E.2d 74, 84 (1993). We will now examine each of the factors outlined in *Bradley*.

**1. Foreshadowing.** Under the first *Bradley* factor this Court must assess the nature of the substantive issue overruled. Under this factor, if the issue overruled involved a traditionally settled area of law and was not clearly foreshadowed, then retroactivity may not be justified.

It will be noted that Dr. Levin has failed to perform any meaningful analysis involving any of the *Bradley* factors. Instead, Dr. Levin has simply addressed the first factor in *Bradley* by stating that the decision in *Louk* was not "foreshadowed" and therefore should not be applied retroactively.[8] Foreshadowing under *Bradley* becomes a critical point of analysis when this Court overrules a prior decision or imposes new requirements. The *Louk* decision did not overrule any prior case or impose new requirements. Rather, *Louk* found unconstitutional a statute that attempted to impose new procedural jury requirements in medical malpractice cases that were inconsistent with this Court's Rules of Civil Procedure. Consequently, the foreshadowing element of *Bradley*, as articulated under the first factor, must be examined in the context of foreshadowing the invalidation of a statute that was in conflict with a rule promulgated under the rule-making authority of this Court.

We pointed out in *Louk* that "the prior decisions of this Court indicate that we have historically invalidated statutes that conflicted with rules promulgated by this Court." *Louk*, 218 W.Va. at 88, 622 S.E.2d at 795. *See also Games–Neely ex rel. West Virginia State Police v. Real Prop.*, 211 W.Va. 236,

8. Dr. Levin also string-cited to a number of prior decisions of this Court that cover a wide range of nonapplicable fact-specific retroactivity decisions.

565 S.E.2d 358 (2002) (recognizing that Rule 60(b) of the Rules of Civil Procedure superseded statute that deprived a circuit court of discretion to review a default judgment order); *West Virginia Div. of Highways v. Butler,* 205 W.Va. 146, 516 S.E.2d 769 (1999) (holding that the statutory requirement that an expert real estate appraiser had to be licensed and certified was invalid because the Rules of Evidence controlled the qualifications of such an expert); *Teter v. Old Colony Co.,* 190 W.Va. 711, 441 S.E.2d 728 (1994) (same); *Mayhorn v. Logan Med. Found.,* 193 W.Va. 42, 454 S.E.2d 87 (1994) (invalidating statute addressing the competency of an expert because it conflicted with the Rules of Evidence); *Williams v. Cummings,* 191 W.Va. 370, 445 S.E.2d 757 (1994) (invalidating statute in conflict with Trial Court Rule XVII); *State v. Davis,* 178 W.Va. 87, 357 S.E.2d 769 (1987) (holding that Rules of Criminal Procedure superseded statute requiring the indorsement of the grand jury foreman and attestation of the prosecutor on the reverse side of the indictment), *overruled on other grounds by State ex rel. R.L. v. Bedell,* 192 W.Va. 435, 452 S.E.2d 893 (1994); *Hechler v. Casey,* 175 W.Va. 434, 333 S.E.2d 799 (1985) (noting that statute authorizing an award of costs in mandamus and prohibition cases was superseded by the Rules of Appellate Procedure with regards to an award of costs to the State in this Court); *State ex rel. Quelch v. Daugherty,* 172 W.Va. 422, 306 S.E.2d 233 (1983) (holding that the constitutional separation of powers prohibited the legislature from regulating admission to practice and discipline of lawyers); *Stern Bros., Inc. v. McClure,* 160 W.Va. 567, 236 S.E.2d 222 (1977) (holding that the administrative rule promulgated by the Court setting out a procedure for the temporary assignment of a circuit judge in the event of a disqualification of a particular circuit judge superseded statutory provisions in conflict with the rule); *Laxton v. National Grange Mut. Ins. Co.,* 150 W.Va. 598, 148 S.E.2d 725 (1966) (holding that a statute requiring certain defenses be asserted affirmatively by a statement in writing or under oath was invalid because it conflicted with Rules of Civil Procedure), *overruled on other grounds by Smith v. Municipal Mut. Ins. Co.,* 169 W.Va.

296, 289 S.E.2d 669 (1982); *Montgomery v. Montgomery,* 147 W.Va. 449, 128 S.E.2d 480 (1962) (holding that the statutory bills of exception requirement for an appeal was abolished by the Rules of Civil Procedure).

The prior decisions of this Court clearly establish that we have not permitted the legislature to enact statutes that are inconsistent with and governed by rules promulgated under our Rule–Making authority. Consequently, it should have been reasonably foreshadowed that this Court would invalidate the jury requirements of W. Va.Code § 55–7B–6d, because those requirements conflicted with the Rules of Civil Procedure.

■ **2. Procedural versus substantive ruling.** Under the second factor of *Bradley* we must assess whether *Louk* dealt with procedural law rather than substantive. A decision rendered by this Court which concerns procedural law rather than substantive law, ordinarily will be accorded retroactivity. *See State v. McCraine,* 214 W.Va. 188, 205 n. 21, 588 S.E.2d 177, 194 n. 21 (2003) ("[O]ur decision regarding bifurcation is a procedural requirement. . . . The application of our decision today, therefore, is limited to the retrial of Appellant and to cases in litigation or on appeal during the pendency of this appeal[.]"); *Dalton v. Doe,* 208 W.Va. 319, 323, 540 S.E.2d 536, 540 (2000) (declining to apply new decision retroactively because the "decision involved substantive rather than procedural law."). This Court recognized in *Louk* that "the provisions of W. Va.Code § 55–7B–6d are procedural in nature[.]" *Louk,* 218 W.Va. at 92 n. 13, 622 S.E.2d at 799 n. 13. Consequently, the decision in *Louk* finding W. Va.Code § 55–7B–6d unconstitutional represented a ruling on procedural matters.

■ **3. Impact of decision.** Under the third *Bradley* factor we must assess whether *Louk* has a narrow impact and is likely to involve only a few parties. Dr. Levin has noted in passing that applying *Louk* retroactively would revive all cases decided before the decision was reached. We reject this contention. The issue of retroactivity in this case is narrowly confined to cases pending in the circuit courts or on appeal to this Court when *Louk* was decided. In fact, we are not

aware of any prior "civil" decision of this Court that was made retroactive to cases in which the appeal period had expired. It is only in the context of criminal litigation that a new decision may be applied retroactive to cases in which the direct appeal period has expired. This is so because criminal defendants can make collateral attacks on final judgments through the writ of habeas corpus. *See* Syl. pt. 2, *Jones v. Warden, West Virginia Penitentiary*, 161 W.Va. 168–69, 241 S.E.2d 914 (1978) ("The proscription against unconstitutionally shifting the burden of proof in criminal trials from the state to the defendant through the use of presumptions is fully retroactive and may be raised by collateral attack against a final conviction.").

Additionally, retroactive application of the *Louk* decision to cases pending at the time of the *Louk* decision would effect only the limited class of litigants whose cases were decided by a twelve person non-unanimous jury verdict under the MPLA. Retroactive application of *Louk* in order to treat similarly situated parties the same is not outweighed by the possibility of affecting a large number of parties because this issue applies only to a limited class of litigants. This reasoning is consistent with our decision in *Sitzes v. Anchor Motor Freight, Inc.*, 169 W.Va. 698, 704, 289 S.E.2d 679, 683 (1982), where we said the impact of applying *Coffindaffer v. Coffindaffer*, 161 W.Va. 557, 244 S.E.2d 338 (1978), retroactively was not substantial as it would only effect a limited number of cases.

**4. Departure from prior precedent.** Under the fourth factor of *Bradley*, we must determine whether *Louk* represented a clear departure from prior precedent and involved substantial public issues. We have previously shown that the decision in *Louk* was consistent with prior decisions of this Court invalidating statutes that were inconsistent with our Rule–Making authority. Consequently, *Louk* was not a departure from prior decisions by this Court.

Further, the decision in *Louk* did not involve substantial public issues. *Louk* addressed a narrow issue involving the number

of jurors and jury unanimity in medical malpractice cases. Application of *Louk* retroactively to pending cases would affect only a limited class of litigants.

**5. Departure from prior substantive law.** Under the fifth *Bradley* factor we must assess whether *Louk* departed from previous substantive law. As we previously noted, the decision in *Louk* involved procedural law, not substantive law. Additionally, the decision was not a radical departure from previous procedural law. *Louk* reaffirmed jury requirements that were longstanding under our Rules of Civil Procedure.[9]

### IV.

### CONCLUSION

Having considered the factors enumerated in *Bradley*, we find that the decision in *Louk* may be applied retroactively to cases pending in circuit court or on appeal to this Court at the time *Louk* was decided. Consequently, we reverse the March 23, 2005 order of the Circuit Court of Raleigh County denying a new trial and remand this case for a new trial consistent with this opinion.

Reversed and Remanded.

MAYNARD, Justice, dissenting.

(Filed June 28, 2006)

I dissent to the majority's decision to make *Louk v. Cormier* retroactive to cases pending in circuit court or on appeal at the time *Louk* was decided.

First, I believe that the *Louk* decision is wrong, for the reasons explained in my dissent to that opinion, and should not be applied retroactively.

Also, I believe that Appellant waived the issue of retroactivity by failing to raise it in the trial court both before and after the verdict. Generally, a new rule of law will apply retroactively only to those cases in which an objection is made at trial. *See King v. Kayak Manufacturing Corp.*, 182 W.Va. 276, 285, 387 S.E.2d 511, 520 (1989)

---

9. Under the sixth factor of *Bradley* we look to the precedent of other courts that have determined the retroactive issue in the same area of the law.

We have not found any case directly on point with the facts of *Louk*.

(making new doctrine of comparative assumption of risk applicable "on appeal if the point was preserved at trial"); Syllabus Point 13, *LaRue v. LaRue,* 172 W.Va. 158, 304 S.E.2d 312 (1983), *overruled on other grounds, Butcher v. Butcher,* 178 W.Va. 33, 357 S.E.2d 226 (1987) (holding that equitable distribution based on economic contributions is available "in pending cases where the issue is specifically asserted"). Having made no objection below, Appellant should not now have the benefit of the new rule announced in *Louk.*

Accordingly, for the reasons set forth above, I dissent.