**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0859** (Fayette County 20-F-28)

**Bernard G. Echols,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Bernard Echols, by counsel Joseph H. Spano Jr., appeals from the Circuit Court of Fayette County's September 28, 2020, sentencing and commitment order which enhanced petitioner's sentence. The State of West Virginia, by counsel Patrick Morrisey and Holly M. Flanigan, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was a passenger in two vehicles that were stopped by law enforcement on June 3, 2019, and June 27, 2019.[1] During the June 3, 2019, traffic stop multiple items pertaining to the sale and distribution of narcotics, including sandwich bags, latex gloves, and other drug paraphernalia, were found in the trunk of the vehicle along with empty firearm boxes and ammunition. Additionally, the driver of the vehicle had methamphetamine and a heroin and fentanyl mix in his possession. Stemming from those traffic stops, petitioner was indicted in the January 2020 term of the grand jury on one count of conspiracy to deliver a schedule II controlled substance (heroin) and one count of possession of a controlled substance with intent to deliver methamphetamine.

---

[1] Petitioner maintains that the trial court erred in ruling the June 3, 2019, traffic stop was proper. Thus, that is the only stop at issue for purpose of this appeal.

Petitioner moved to suppress the evidence from the two vehicle stops. The court ruled that probable cause existed for both traffic stops and denied petitioner's motion to suppress. On July 7, 2020, petitioner proceeded to trial solely on the conspiracy to deliver heroin charge. He was found guilty of conspiracy to deliver heroin pursuant to West Virginia Code § 60A-4-414(d).

At sentencing, petitioner declined to exercise his right of allocution. His trial counsel argued for leniency noting that petitioner had asthma and prostate issues, that his numerous arrests were related to property issues,[2] and that his only prior drug conviction occurred thirty years ago. Although petitioner asked for a moderate sentence without doubling, the State argued for the maximum sentence. The State emphasized that petitioner traveled to Fayette County, West Virginia, from Chicago, Illinois, to deal heroin, that he had no ties to the area, and that he targeted local female drug addicts with a driver's license to help him distribute the drugs in exchange for drugs or money.

The circuit court imposed the maximum sentence for petitioner's conviction, fifteen years. Additionally, the circuit court enhanced petitioner's sentence as a result of petitioner's prior drug conviction from Illinois to a thirty-year determinate sentence pursuant to West Virginia Code § 60A-4-408(a), which provides, in pertinent part, that "[a]ny person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized[.]"[3]

Petitioner now appeals. On appeal, he argues that the circuit court committed error and violated principles of proportionality when it enhanced his sentence pursuant to West Virginia Code § 60A-4-408. Also, petitioner maintains that the circuit court erred in denying his motion to suppress. We will address each of these arguments below.

We recently discussed our standard of review as it relates to sentencing orders. In *State v. Patrick C.*, 243 W. Va. 258, 261, 843 S.E.2d 510, 513 (2020), we noted that we review

> "sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). Where the issue involves the application of constitutional protections, our review is de novo. *See* Syl. pt. 8, *Dean v. State*, 230 W.Va. 40, 736 S.E.2d 40 (2012) ("A review of a proportionality

---

[2] The court referenced petitioner's extensive criminal record including his convictions for vehicle theft, possession of a controlled substance, possession of burglary tools, burglary, possession of a stolen vehicle, and numerous other misdemeanor convictions.

[3] Further, the statute provides that

> an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.

W. Va. Code § 60A-4-408(b), in part.

determination made pursuant to the Excessive Fines Clause of the West Virginia Constitution is de novo."); *Richmond v. Levin*, 219 W.Va. 512, 515, 637 S.E.2d 610, 613 (2006) ("interpretations of the West Virginia Constitution, along with interpretations of statutes and rules, are primarily questions of law, we apply a de novo review.").

Petitioner argues that the enhancement of his sentence under West Virginia Code § 60A-4-408 violates the principle of proportionality as set forth in Article III, Section 5 of the West Virginia Constitution, which provides that "[p]enalities shall be proportioned to the character and degree of the offense." We have held that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Here, there was a fixed maximum sentence and petitioner is not subject to a recidivist life sentence. It is undisputed that petitioner's sentence and the enhancement fall within the statutory parameters. Further, petitioner has not indicated that the circuit court relied on any impermissible factors when it imposed the maximum determinant sentence. Thus, we refuse to find that the circuit court abused its discretion in sentencing petitioner to thirty years of imprisonment. *See* Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982) ("Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." ).

Petitioner also attempts to raise a due process challenge to his sentence. The State maintains that petitioner's due process claim is insufficiently briefed in violation of Rule 10 of the West Virginia Rules of Appellate Procedure and should be disregarded. Per the State, petitioner fails to articulate what process he believes he was due or denied, or to explain how his enhanced penalty deprives him of due process. We agree and decline to fully address this issue. *See, e.g.*, *State v. Bond*, No. 19-0498, 2020 WL 5269748, at *3 (W. Va. Sept. 4, 2020) (memorandum decision) (finding petitioner waived his due process claim by failing to comply with the rules of appellate procedure). We do note, however, that this Court has previously determined that West Virginia Code § 60A-4-408 requires only a finding of a prior conviction to enhance a defendant's sentence. Further, the *Rutherford* Court explained that the enhancement statute meets constitutional due process standards pursuant to *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). Here, petitioner's sentence was permissibly enhanced based on petitioner's prior drug conviction.

Next, petitioner maintains that the circuit court erred when it refused to suppress the evidence obtained during the traffic stop because the officer lacked a reasonable suspicion for the stop. The State maintains that the driver's erratic and unsafe operation of the vehicle gave the officer reasonable suspicion to effect the stop. We agree with the State.

"On appeal, legal conclusions made with regard to suppression determinations are reviewed *de novo.* Factual determinations upon which these legal conclusions are based are reviewed under the clearly erroneous standard. In addition, factual findings based, at least in part, on determinations of witness credibility are accorded great deference." Syl. Pt. 3, *State v. Stuart*, 192 W. Va. 428, 452 S.E.2d 886 (1994).

Although petitioner contends that the circuit court erred by assessing the reasonableness of the traffic stop for "probable cause" rather than "reasonable suspicion," the "reasonable suspicion standard" is a lesser threshold to satisfy than "probable cause." *See id.*, 192 W. Va. at 432, 452 S.E.2d at 890. The circumstances surrounding the June 3, 2019, traffic stop were described by Deputy Tomlin. Deputy Tomlin articulated that the vehicle was being driven "very erratically - - [it was] speeding up, slowing down, swerving" and "hitting its [brake] hard" causing the front of the vehicle to nosedive several times. This unsafe driving is precisely the type of factual underpinning that this Court has upheld for an investigative traffic stop. Furthermore, petitioner's trial counsel conceded that he did not have an argument for suppression of that evidence following an evidentiary hearing on the motion to suppress. Specifically, trial counsel stated, "after hearing the testimony from the deputy with regard to the first stop . . . he gave in great detail about why he stopped and I would have to say my argument would be a little limited on that case." Applying the higher, probable cause, standard, the circuit court denied the motion to suppress. We conclude that this evidence clearly meets the reasonable suspicion standard and find no error in the circuit court's denial of petitioner's motion to suppress. To the extent that petitioner challenges Officer Tomlin's credibility, we note that credibility determinations are for the trier of fact and we afford the circuit court's determinations of witness credibility great deference. *Id.* at 429, 452 S.E.2d at 887*,* Syl. Pt. 3. Accordingly, we refuse to disturb the circuit court's denial of petitioner's motion to suppress.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 29, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton